1  WILLARD K. TOM
   General Counsel
2
   DAVID M. NEWMAN (Calif. Bar #54218)
3  ERIC D. EDMONDSON
   Federal Trade Commission
4  901 Market Street, Suite 570
   San Francisco, CA 94103
5  P:  (415) 848-5100; F:  (415) 848-5184
   dnewman@ftc.gov; eedmondson@ftc.gov
6
   RAYMOND E. MCKOWN (Calif. Bar #150975)
7  10877 Wilshire Boulevard, Suite 700
   Los Angeles, CA 90024
8  P: (310) 824-4343; F: (310) 824-4380
   rmckown@ftc.gov
9
   Attorneys for Plaintiff
10 Federal Trade Commission

11             UNITED STATES DISTRICT COURT
12             CENTRAL DISTRICT OF CALIFORNIA

13 FEDERAL TRADE COMMISSION,        )   Case No.
14                                  )
          Plaintiff,                )   SACV-09-01324 CJC (RNBx)
15                                  )
          v.                        )   [PROPOSED]
16                                  )   FINAL JUDGMENT AND ORDER
   COMMERCE PLANET, INC., a         )   FOR PERMANENT INJUNCTION
17 corporation, and MICHAEL Hill,   )   AND SETTLEMENT OF CLAIMS
   CHARLES GUGLIUZZA, and AARON     )   FOR MONETARY RELIEF
18 GRAVITZ, individually and as     )   AGAINST DEFENDANT
   Officers of COMMERCE PLANET,     )   AARON GRAVITZ
19                                  )
          Defendants.               )
20                                  )

21     The parties, Plaintiff the Federal Trade Commission

22 ("Commission") and Defendant Aaron Gravitz, having agreed in the

23 Stipulation for Final Judgment and Order for Permanent

24 Injunction and Settlement of Claims for Monetary Relief Against

25 Defendant Aaron Gravitz to the entry of this Order hereby

26 request that the Court enter the same to resolve all matters in

27 dispute in this action.  Defendant Aaron Gravitz has waived

28 service of the Summons and Complaint.

FINAL ORDER re AARON GRAVITZ                        Page 1

ORIGINAL   BY FAX

1    The Court, being advised of the premises, finds

2    **FINDINGS**

3        1.   This Court has jurisdiction over the subject matter of

4    this case and jurisdiction over Defendant Gravitz.   Venue in the

5    Central District of California is proper.

6        2.   The Complaint states a claim upon which relief may be

7    granted against Defendant Gravitz, and the Commission has the

8    authority to seek the relief it has requested against Defendant

9    Gravitz.

10       3.   The activities of Defendant Gravitz were and are in or

11   affecting commerce, as defined in Section 4 of the FTC Act, 15

12   U.S.C. § 44.

13       4.   Defendant Gravitz waives

14       a.   all rights to seek review or otherwise challenge or

15            contest the validity of this Order;

16       b.   any claim Defendant Gravitz may have against the

17            Commission, its employees, representatives, or agents;

18       c.   all claims under the Equal Access to Justice Act, 28

19            U.S.C. § 2412, as amended by Pub. L. 104-121, 110

20            Stat. 847, 863-64, as of the date of this Order; and

21       d.   any rights to attorneys' fees that may have arisen

22            under said provision of law.

23       5.   Defendant Gravitz stipulates and agrees to this Order,

24   without trial or adjudication of any issue of fact or law, to

25   settle and resolve all matters in dispute arising from the

26   Complaint to the date of entry of this Order.   Defendant Gravitz

27   does not admit any of the allegations set forth in the

28   Complaint, other than jurisdictional facts, and denies any and

FINAL ORDER re AARON GRAVITZ                            Page 2

1  all wrongdoing.

2       6.   This action and the relief awarded herein are in

3  addition to, and not in lieu of, other remedies as may be

4  provided by law, including both civil and criminal remedies.

5       7.   Entry of this Order is in the public interest.

6                           **DEFINITIONS**

7       For purposes of this Order, the following definitions shall

8  apply:

9       1.   **"Billing information"** means any data that enables any

10           person to access a consumer's account, including but

11           not limited to a credit card, checking, savings, share

12           or similar account, utility bill, mortgage loan

13           account, or debit card.

14      2.   **"Clear and conspicuous statement"** or statement

15           presented **"clearly and conspicuously"** means

16      a.   in print communications, the message shall be in a

17           type size and location sufficiently noticeable for an

18           ordinary consumer to read and comprehend it, in print

19           that contrasts with the background against which it

20           appears;

21      b.   in oral communications, the message shall be delivered

22           in a volume and cadence sufficient for an ordinary

23           consumer to hear and comprehend it;

24      c.   in communications made through an electronic medium

25           (including but not limited to television, video,

26           radio, and interactive media including but not limited

27           to the Internet, online services and software), the

28           message shall be presented simultaneously in both the

FINAL ORDER re AARON GRAVITZ                              Page 3

1 audio and visual portions of the communication.  In

2 any communication presented solely through visual or

3 audio means, the message may be made through the same

4 means in which the communication is presented.  In any

5 communication disseminated by means of an interactive

6 electronic medium, including but not limited to the

7 Internet, online services or software, a disclosure

8 must be unavoidable and presented prior to the

9 consumer incurring any financial obligation.  Any

10 audio message shall be delivered in a volume and

11 cadence sufficient for an ordinary consumer to hear

12 and comprehend it.  Any visual message shall be of a

13 size and shade, with a degree of contrast to the

14 background against which it appears and shall appear

15 on the screen for a duration and in a location

16 sufficiently noticeable for an ordinary consumer to

17 read and comprehend it; and

18 d. regardless of the medium used to disseminate it, the

19 message shall be in understandable language and

20 syntax.  Nothing contrary to, inconsistent with, or in

21 mitigation of the message shall be used in any

22 communication.

23 3. **"Defendant,"** unless otherwise specified, means

24 Defendant Aaron Gravitz.

25 4. **"Negative Option Feature"** means, in an offer or

26 agreement to sell or provide any product, program or

27 service, a provision under which the consumer's

28 silence or failure to take an affirmative action to

reject products or services or to cancel the agreement is interpreted by the seller or provider as acceptance of the offer.  Offers or agreements with negative option features include, but are not limited to

a.  free or introductory price trial offers in which the consumer receives a product, program or service for free or at a nominal or introductory price for an initial period and will incur an obligation to pay or pay a greater amount for the product, program or service if he or she does not take affirmative action to cancel, reject, or return the product, program or service before the end of that period;

b.  continuity plans in which, subsequent to the consumer's agreement to the plan, the seller or provider automatically ships products to a consumer unless the consumer notifies the seller or provider within a certain time not to ship the products; and

c.  automatic renewal plans in which the seller or provider automatically renews the agreement and charges the consumer unless the consumer cancels before the renewal.

## I.   PROHIBITION ON MISREPRESENTATIONS

**IT IS HEREBY ORDERED** that Defendant Gravitz, directly or through any partnership, corporation, subsidiary, division or other device, and his officers, agents, servants, employees, and all persons or entities in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, in connection with the advertising, promoting, offering for sale, or sale of any product, program or service, are hereby permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to

A.   That a product, program or service is offered on a "free," "trial," or "no obligation" basis, or words of similar import, denoting or implying the absence of any obligation on the part of the recipient of the offer to affirmatively act in order to avoid charges if, in fact, a charge will be assessed pursuant to the offer unless the consumer takes affirmative action to cancel;

B.   The amount that a consumer will be charged or billed;

C.   That a consumer will not be charged or billed;

D.   The timing or manner of any charge or bill (including but not limited to the date of the charge and whether it will be a credit card charge or a checking account debit);

E.   The length of any trial period that consumers receive before being charged or billed; and

F.   That a consumer purchased or agreed to purchase a
     product, program or service, or that a transaction has
     been authorized by a consumer, including but not
     limited to through mailings, email, billings, credit
     card charges, and checking account debits.

## II.   REQUIRED DISCLOSURES

**IT IS FURTHER ORDERED** that Defendant Gravitz, directly or
through any partnership, corporation, subsidiary, division or
other device, and his officers, agents, servants, employees, and
all persons or entities in active concert or participation with
him who receive actual notice of this Order by personal service
or otherwise, in connection with the advertising, promoting,
offering for sale, or sale of any product, program or service,
shall

A.   Clearly and conspicuously disclose, before consumers
     are asked to pay money, submit consideration, or
     reveal billing information

     1.   all fees and costs;

     2.   all material restrictions, limitations, or
          conditions applicable to the purchase, receipt,
          or use of the product, program or service that is
          the subject of the offer (including any promotion
          associated with free products or services, or
          products or services available on a trial basis);
          and

     3.   all material terms and conditions of any offer
          with a negative option feature, including but not
          limited to

FINAL ORDER re AARON GRAVITZ                              Page 7

a.  the dollar amount of the first payment and
    when it will be charged, withdrawn, or
    become due; the dates or frequency (*e.g.*,
    monthly, quarterly) of all subsequent
    charges or payments; and the dollar amount
    or range of costs of all subsequent charges
    or payments;

b.  when any trial period begins; the length of
    any trial period; the specific steps and
    means by which a cancellation request must
    be submitted; and the date by or period
    within which a cancellation request must be
    received to avoid a charge;

c.  the length of any renewal period; the manner
    in which a notice not to ship or renew must
    be submitted; the date by or time period
    within which a notice not to ship or renew
    must be received to avoid shipment or
    renewal (*e.g.*, two weeks after the consumer
    is advised of an upcoming shipment); and the
    telephone number, email address, or street
    address to which such a notice must be
    directed; and

d.  all material conditions, limitations and
    restrictions on the ability of the consumer
    to use any product, program or service that
    is offered "free," "risk-free," with "no
    obligation," or "discounted," or words of

FINAL ORDER re AARON GRAVITZ                    Page 8

similar import denoting or implying the
absence of any obligation.

B.  For any transaction involving a service, within the
    lesser of ten (10) days after the date of the
    transaction or half the time of any trial period, send
    the consumer written confirmation of the transaction,
    either by email or first class mail, clearly and
    conspicuously identified as such in the email subject
    line or on the outside of the envelope; such written
    confirmation shall include clear and conspicuous
    disclosure of all the information required by
    Subsection A of this Section and of the procedures by
    which the consumer can cancel or obtain a refund;

C.  For any transaction involving a product, provide
    written confirmation of the transaction with the first
    product shipment that includes all of the information
    required by Subsection A of this Section and a clear
    and conspicuous statement of the procedures by which
    the consumer can cancel or obtain a refund;

D.  At least thirty (30) days prior to renewing a
    consumer's membership, subscription or agreement to
    purchase for any service (in the case of a membership,
    subscription or agreement whose term is six (6) months
    or longer) and prior to the submission for payment of
    a consumer's billing information for such services,
    send the consumer written confirmation of such
    renewal, either by email or first class mail, clearly
    and conspicuously identified as such in the email

FINAL ORDER re AARON GRAVITZ                              Page 9

1    subject line or on the outside of the envelope; such

2    written confirmation shall include clear and

3    conspicuous disclosure of all the information required

4    by Subsection A of this Section and of the procedures

5    by which the consumer can cancel or obtain a refund.

6    **III.   EXPRESS INFORMED CONSENT**

7    **IT IS FURTHER ORDERED** that Defendant Gravitz, directly or

8    through any partnership, corporation, subsidiary, division or

9    other device, and his officers, agents, servants, employees, and

10   all persons or entities in active concert or participation with

11   him who receive actual notice of this Order by personal service

12   or otherwise, in connection with the advertising, promoting,

13   offering for sale, or sale of any product, program or service,

14   are hereby enjoined from directly or indirectly using billing

15   information to obtain payment in connection with the marketing

16   of any product, program or service, without the express informed

17   consent of the consumer, which shall include consent to be

18   charged for the product, program or service using a specified

19   billing account, and the clear and conspicuous disclosure of the

20   information identified in the Section entitled "Required

21   Disclosures" in close proximity to the consumer's express

22   consent to purchase such products or services.  In connection

23   with an offer or agreement with a negative option feature, the

24   following requirements must be met to evidence express informed

25   consent:

26   A.    The consumer's express written authorization to

27   purchase the product, program or service that is the

28   subject of the transaction and the consumer's

FINAL ORDER re AARON GRAVITZ                          Page 10

authorization to assess a charge against a specified
account for payment.  Such authorization must include
the consumer's signature (the term "signature"
includes a verifiable electronic or digital form of
signature, to the extent such form of signature is
recognized as a valid signature under applicable
federal law or state contract law); or

B.   The consumer's express oral authorization to purchase
the product, program or service that is the subject of
the transaction and the consumer's authorization to
assess a charge against a specified account for
payment for that product, program or service that is
audio-recorded, as follows

1.   the recording must evidence that the consumer,
during that transaction, at a minimum, has
provided the last four (4) digits of the account
number to be charged;

2.   the recording must evidence that the disclosure
requirements of the Section entitled "Required
Disclosures" have been complied with;

3.   the recording must include the entirety of the
transaction;

4.   the recording can be identified and located by
either the consumer's name or telephone number;
and

5.   a copy of the recording is provided upon request
to the consumer, the consumer's bank, credit or
debit card company or other billing entity, state

1             attorney general or consumer protection agency,

2             and the Commission.

3    **IV.**    **PROHIBITIONS RELATING TO REFUNDS AND CANCELLATIONS**

4      **IT IS FURTHER ORDERED** that Defendant Gravitz, directly or

5 through any partnership, corporation, subsidiary, division or

6 other device, and his officers, agents, servants, employees, and

7 all persons or entities in active concert or participation with

8 him who receive actual notice of this Order by personal service

9 or otherwise, in connection with the advertising, promoting,

10 offering for sale, or sale of any product, program or service,

11 are hereby permanently restrained and enjoined

12       A.    From failing to disclose, clearly and conspicuously,

13             before consumers are asked to pay money, submit

14             consideration, or reveal billing information, all

15             material terms and conditions of any cancellation or

16             refund policy, including but not limited to informing

17             consumers that no cancellations or refunds are

18             permitted;

19       B.    If a policy allowing consumers to cancel or obtain a

20             refund has been disclosed to the consumer, from

21             failing to honor any request that complies with such

22             policy; and

23       C.    From misrepresenting, or assisting others in

24             misrepresenting, expressly or by implication, the

25             terms and conditions of any refund or cancellation

26             policy or policies, including but not limited to, that

27             consumers who accept an offer can easily cancel to

28             avoid the assessment of a charge.

## V.  MONETARY RELIEF

**IT IS FURTHER ORDERED** that Judgment is hereby entered against Defendant Gravitz in the amount of nineteen million seven hundred thirty thousand dollars ($19,730,000); *provided, however,* that the Judgment for equitable monetary relief shall be suspended upon the satisfaction of the obligations imposed by Subsection A, and subject to the conditions set forth in Section VI of this Order.

A.    Defendant Gravitz shall pay to the Commission the sum of one hundred ninety-two thousand dollars ($192,000) in equitable monetary relief, including, but not limited to, consumer redress or disgorgement, within 10 business days of the entry of this Order;

B.    Any funds received by the Commission pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress and any attendant expenses for the administration of any redress funds.  In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief, including but not limited to consumer information remedies, as the Commission determines to be reasonably related to the practices alleged in the Complaint.  Any funds not used for such equitable relief shall be deposited to the U.S. Treasury as equitable disgorgement.  Defendant Gravitz

shall have no right to challenge the Commission's choice of remedies or the manner of distribution;

C.  Defendant Gravitz agrees that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy case; Defendant further stipulates and agrees that the facts alleged in the Complaint establish all elements necessary to sustain an action pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A);

D.  The judgment entered pursuant to this Section V is equitable monetary relief, solely remedial in nature, and not a fine, penalty, punitive assessment or forfeiture;

E.  Defendant Gravitz relinquishes all dominion, control and title to the funds paid to the fullest extent permitted by law.  Defendant shall make no claim to or demand return of the funds, directly or indirectly, through counsel or otherwise;

F.  Upon request, Defendant Gravitz is hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the Commission his tax identification number, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order;

G.   Pursuant to Section 604(1) of the Fair Credit
     Reporting Act, 15 U.S.C. § 1681b(1), any consumer
     reporting agency may furnish a consumer report
     concerning Defendant Gravitz to the Commission, which
     shall be used for purposes of collecting and reporting
     on any delinquent amount arising out of this Order.

## VI.   RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that the Commission's agreement to,
and the Court's approval of, this Order are expressly premised
on the truthfulness, accuracy and completeness of the financial
statements dated February 6 and July 1, 2009, that Defendant
Gravitz has submitted to the Commission.  If, upon motion by the
Commission, the Court finds that his financial statement
contains any material misrepresentation or omission, the
suspended judgment entered in Section V, above, shall become
immediately due and payable, less any amounts turned over to the
Commission pursuant to Section V, above, plus interest from the
date of entry of this Order as allowed by law; *provided,*
*however,* that in all other respects this Order shall remain in
full force and effect unless otherwise ordered by the Court;
and, *provided further,* that proceedings instituted under this
provision would be in addition to, and not in lieu of, any other
civil or criminal remedies as may be provided by law, including
any other proceedings that the Commission may initiate to
enforce this Order.  For purposes of this Section VI, Defendant
Gravitz waives any right to contest any of the allegations in
the Complaint.

FINAL ORDER re AARON GRAVITZ                         Page 15

## VII.   MONITORING TO ENSURE COMPLIANCE WITH THE ORDER

**IT IS FURTHER ORDERED** that Defendant Gravitz, directly or through any partnership, corporation, subsidiary, division or other device, and his officers, agents, servants, employees, and all persons or entities in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, in connection with the advertising, promoting, offering for sale, or sale of any product, program or service, are hereby permanently restrained and enjoined from failing to take all reasonable steps sufficient to monitor and ensure that all Defendant's agents, representatives, employees, independent contractors, and contract telemarketers comply with the requirements of this Order.  Such reasonable steps shall include, but are not limited to

      A.    Establishing and following a procedure for receiving and responding to consumer complaints that allege conduct that constitutes a violation of the FTC Act or this Order;

      B.    Ascertaining the number and nature of consumer complaints in which each employee or independent contractor is involved;

      C.    Promptly and fully investigating any consumer complaint; and

      D.    Creating and retaining records demonstrating compliance with this Section, as required by Section X, including but not limited to, copies of all procedures for receiving and responding to consumer complaints, all documents relating to investigations

1   of consumer complaints, and all documents

2   demonstrating how each consumer complaint is responded

3   to or addressed; *provided, however*, that this

4   subsection does not authorize or require any action

5   that violates any federal, state, or local law.

6

7   **VIII.   PROHIBITION ON COLLECTION OF PAYMENTS AND
         DISCLOSURE OF CUSTOMER INFORMATION**

8   **IT IS FURTHER ORDERED** that Defendant Gravitz, directly or

9   through any partnership, corporation, subsidiary, division or

10  other device, and his officers, agents, servants, employees, and

11  all persons or entities in active concert or participation with

12  him who receive actual notice of this Order by personal service

13  or otherwise, in connection with the advertising, promoting,

14  offering for sale, or sale of any product, program or service by

15  means of a negative option feature, are hereby permanently

16  restrained and enjoined from

17      A.   Causing any withdrawal, assessment of a fee, or

18           payment to be made against any consumer account, or

19           otherwise causing collection of, or attempts to

20           collect, payment, directly or indirectly, from a

21           consumer, for any order for any such product, program

22           or service offered or provided to consumers, where the

23           purported authorization for such order occurred prior

24           to the effective date of this Order, without first

25           obtaining from the consumer express informed consent

26           for such order that complies with the requirements of

27           Section III of this Order; and

28

FINAL ORDER re AARON GRAVITZ                           Page 17

1    B.   Selling, renting, leasing, transferring or otherwise
2         disclosing the name, address, birth date, telephone
3         number, email address, Social Security number, credit
4         or debit card number, bank account number, or other
5         financial or identifying personal information of any
6         person from whom or about whom such information was
7         obtained in connection with activities alleged in the
8         Complaint prior to April 1, 2008; *provided, however,*
9         that such financial or identifying personal
10        information may be disclosed to a law enforcement
11        agency or as required by any law, regulation, or court
12        order.

13                    **IX.   COMPLIANCE MONITORING**

14   **IT IS FURTHER ORDERED** that, for the purpose of (1)
15   monitoring and investigating compliance with any provision of
16   this Order and (2) investigating the accuracy of Defendant's
17   financial statement upon which the Commission's agreement to
18   this Order is expressly premised:

19   A.   Within ten (10) days of receipt of written notice from
20        a representative of the Commission, Defendant Gravitz
21        shall submit additional written reports, which are
22        true and accurate and sworn to under penalty of
23        perjury; produce documents for inspection and copying;
24        appear for deposition; and provide entry during normal
25        business hours to any business location in his
26        possession or direct or indirect control, to inspect
27        the business operation;

28

B.   In addition, the Commission is authorized to use all
     other lawful means, including but not limited to:
     1.   obtaining discovery from any person, without
          further leave of court, using the procedures
          prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36,
          45, and 69;
     2.   posing as consumers and suppliers to Defendant
          Gravitz, or any other entity managed or
          controlled in whole or in part by Defendant
          Gravitz, or their employees, without the
          necessity of identification or prior notice; and
C.   Defendant Gravitz shall permit representatives of the
     Commission to interview any employer, consultant,
     independent contractor, representative, agent, or
     employee who has agreed to such an interview, relating
     in any way to any conduct subject to this Order.  The
     person interviewed may have counsel present;
*Provided, however*, that nothing in this Order shall limit the
Commission's lawful use of compulsory process, pursuant to
Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to
obtain any documentary material, tangible things, testimony, or
information relevant to unfair or deceptive acts or practices in
or affecting commerce (within the meaning of 15 U.S.C. §
45(a)(1)).

## X. COMPLIANCE REPORTING BY DEFENDANT

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A. For a period of three (3) years from the date of entry of this Order, Defendant Gravitz shall notify the Commission of the following:

    1. Any changes in his residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

    2. Any changes in his employment status (including self-employment), and any change in his ownership in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that he is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of his duties and responsibilities in connection with the business or employment; and

    3. Any changes in his name or use of any aliases or fictitious names;  and

    4. Any changes in structure of any business entity that Defendant Gravitz directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to incorporation or other organization; a

dissolution, assignment, sale, merger, or other
action that would result in the emergence of a
successor entity; the creation or dissolution of
a subsidiary, parent, or affiliate that engages
in any acts or practices subject to this Order;
or a change in the business name or address, at
least thirty (30) days prior to such change;
*provided, however,* that, with respect to any
proposed change in the business entity about
which a Defendant learns less than thirty (30)
days prior to the date such action is to take
place, such Defendant shall notify the Commission
as soon as is practicable after obtaining such
knowledge.

B.   One hundred eighty (180) days after the date of entry
of this Order and annually thereafter for a period of
three (3) years, Defendant Gravitz shall provide a
written report to the Commission, which is true and
accurate and sworn to under penalty of perjury,
setting forth in detail the manner and form in which
he has complied and is complying with this Order.
This report shall include, but not be limited to

1.   His then-current residence address, mailing
addresses, and telephone numbers;

2.   His then-current employment status (including
self-employment), including the name, addresses,
and telephone numbers of each business that he is
affiliated with, employed by, or performs

1              services for; a detailed description of the

2              nature of the business; and a detailed

3              description of his duties and responsibilities in

4              connection with the business or employment;

5        3.    a copy of each acknowledgment of receipt of this

6              Order obtained pursuant to Section XI; and

7        4.    any other changes required to be reported under

8              subparagraph A of this Section IX;

9   C.   Defendant Gravitz shall notify the Commission of the

10       filing of a bankruptcy petition within fifteen (15)

11       days of filing;

12   D.   For the purposes of this Order, Defendant Gravitz

13       shall, unless otherwise directed by the Commission's

14       authorized representatives, send by overnight courier

15       all reports and notifications required by this Order

16       to the Commission to the following address:

17             Associate Director for Enforcement
                Federal Trade Commission

18             600 Pennsylvania Avenue, N.W., Room NJ-2122
                Washington, D.C. 20580

19             RE:   FTC v. Commerce Planet, Inc.;

20       *Provided* that, in lieu of overnight courier,

21       Defendants may send such reports or notifications by

22       first-class mail, but only if he contemporaneously

23       sends an electronic version of such report or

24       notification to the Commission at DEBrief@ftc.gov; and

25   E.   For purposes of the compliance reporting and

26       monitoring required by this Order, the Commission is

27       authorized to communicate with Defendant Gravitz or,

28       at Defendant Gravitz's request, his counsel.

## XI.   RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of six (6) years from the date of entry of this Order, in connection with any business which is managed or controlled in whole or in part by Defendant Gravitz and which is engaged in recurring billing of consumers, Defendant Gravitz and his agents, servants, employees, and those persons in active concert or participation with him, whether acting directly or through any sole proprietorship, partnership, limited liability company, corporation, subsidiary, branch, division, or other entity, who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

    A.    Accounting records that reflect the cost of products or services sold, revenues generated, and the disbursement of such revenues;

    B.    Personnel records accurately reflecting the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

    C.    Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.   Complaints and refund requests (whether received directly, indirectly or through any third party) and any responses to those complaints or requests;

E.   Copies of all sales scripts, training materials, advertisements, or other marketing materials; and

F.   All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of all procedures for receiving and responding to consumer complaints, all documents relating to investigations of consumer complaints, and all documents demonstrating how each consumer complaint was responded to or addressed, required by Section VII; acknowledgments of receipt of this Order, required by Sections XI and XII; and all reports submitted to the Commission pursuant to Section X.

### XII.   DISTRIBUTION OF ORDER BY DEFENDANT

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendant Gravitz shall deliver copies of this Order as directed below:

A.   For any business that Defendant Gravitz controls, directly or indirectly, or in which Defendant Gravitz has a majority ownership interest, Defendant Gravitz must deliver a copy of this Order to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order; and (3)

any business entity resulting from any change in
structure set forth in Subsection A.4 of the Section
entitled "Compliance Reporting by Defendant." For
current personnel, delivery shall be within five (5)
days of service of this Order upon Defendant Gravitz.
For new personnel, delivery shall occur prior to them
assuming their responsibilities. For any business
entity resulting from any change in structure set
forth in Subsection A.4 of the Section entitled
"Compliance Reporting by Defendant," delivery shall be
at least ten (10) days prior to the change in
structure.

B.   For any business where Defendant Gravitz is not a
controlling person of a business but otherwise engages
in conduct related to the subject matter of this
Order, Defendant Gravitz must deliver a copy of this
Order to all principals and managers of such business
before engaging in such conduct.

C.   Defendant Gravitz must secure a signed and dated
statement acknowledging receipt of the Order, within
thirty (30) days of delivery, from all persons
receiving a copy of the Order pursuant to this
Section.

### XIII.   COOPERATION WITH FTC COUNSEL

**IT IS FURTHER ORDERED** that Defendant Gravitz shall, in
connection with this action or any subsequent investigations
related to or associated with the transactions or the
occurrences that are the subject of the FTC's Complaint,

1   cooperate in good faith with the FTC and appear at such places

2   and times as the FTC shall reasonably request, after written

3   notice, for interviews, conferences, pretrial discovery, review

4   of documents, and for such other matters as may be reasonably

5   requested by the FTC.  If requested in writing by the FTC,

6   Defendant Gravitz shall appear and provide truthful testimony in

7   any trial, deposition, or other proceeding related to or

8   associated with the transactions or the occurrences that are the

9   subject of the Complaint, without the service of a subpoena.

10          **XIV.   ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT**

11          **IT IS FURTHER ORDERED** that Defendant Gravitz, within five

12  (5) business days of receipt of this Order as entered by the

13  Court, must submit to the Commission a truthful sworn statement

14  acknowledging receipt of this Order.

15                **XV.   RETENTION OF JURISDICTION**

16          **IT IS FURTHER ORDERED** that this Court shall retain

17  jurisdiction of this matter for purposes of construction,

18  modification, and enforcement of this Order.

19

20          **IT IS SO ORDERED**, this *17th* day of

21          *November*    , 2009.

22

23

24                        Honorable Cormac J. Carney
                          United States District Judge

25

26

27

28