1  WILLARD K. TOM
   General Counsel
2
   DAVID M. NEWMAN (Calif. Bar #54218)
3  ERIC D. EDMONDSON
   Federal Trade Commission
4  901 Market Street, Suite 570
   San Francisco, CA 94103
5  P:  (415) 848-5100; F:  (415) 848-5184
   dnewman@ftc.gov; eedmondson@ftc.gov
6
   RAYMOND E. MCKOWN (Calif. Bar #150975)
7  Federal Trade Commission
   10877 Wilshire Boulevard, Suite 700
8  Los Angeles, CA 90024
   P: (310) 824-4343; F: (310) 824-4380
9  rmckown@ftc.gov

10 Attorneys for Plaintiff
   Federal Trade Commission
11

12                  UNITED STATES DISTRICT COURT
                    CENTRAL DISTRICT OF CALIFORNIA
13

14                                    )
   FEDERAL TRADE COMMISSION,          )  Case No.
15                                    )
            Plaintiff,                )  SACV-09-01324 CJC (RNBx)
16                                    )
            v.                        )  [PROPOSED]
17                                    )  FINAL JUDGMENT AND ORDER
   COMMERCE PLANET, INC., a           )  FOR PERMANENT INJUNCTION
18 corporation, and MICHAEL HILL,     )  AND SETTLEMENT OF CLAIMS
   CHARLES GUGLIUZZA, and AARON       )  FOR MONETARY RELIEF
19 GRAVITZ, individually and as       )  AGAINST DEFENDANT
   Officers of COMMERCE PLANET,       )  COMMERCE PLANET, INC.
20                                    )
            Defendants.               )
21                                    )

22

23      The parties, Plaintiff the Federal Trade Commission

24 ("Commission") and Defendant Commerce Planet, Inc., having agreed

25 in the Stipulation for Final Judgment and Order for Permanent

26 Injunction and Settlement of Claims for Monetary Relief Against

27 Defendant Commerce Planet, Inc., to the entry of this Order, hereby

28 request that the Court enter the same to resolve all matters in

   FINAL ORDER re COMMERCE PLANET, INC.                    Page 1

   BY FAX  ORIGINAL

1  dispute in this action.   Defendant Commerce Planet, Inc. has

2  waived service of the Summons and Complaint.

3      The Court, being advised of the premises, finds:

4                              **FINDINGS**

5      1.    This Court has jurisdiction over the subject matter of

6  this case and jurisdiction over Defendant Commerce Planet.   Venue

7  in the Central District of California is proper.

8      2.    The Complaint states a claim upon which relief may be

9  granted, and the Commission has the authority to seek the relief

10 it has requested.

11     3.    The activities of Defendant were and are in or

12 affecting commerce, as defined in Section 4 of the FTC Act, 15

13 U.S.C. § 44.

14     4.    Defendant waives

15     a.    all rights to seek review or otherwise challenge or

16           contest the validity of this Order;

17     b.    any claim Defendant may have against the Commission,

18           its employees, representatives, or agents;

19     c.    all claims under the Equal Access to Justice Act, 28

20           U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat.

21           847, 863-64, as of the date of this Order; and

22     d.    any rights to attorneys' fees that may have arisen

23           under said provision of law.

24     5.    The Defendant stipulates and agrees to this Order,

25 without trial or adjudication of any issue of fact or law, to

26 settle and resolve all matters in dispute arising from the

27 Complaint to the date of entry of this Order.   Defendant does not

28 admit any of the allegations set forth in the Complaint, other

FINAL ORDER re COMMERCE PLANET, INC.                    Page 2

than jurisdictional facts.

    6.   This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

    7.   Entry of this Order is in the public interest.

<strong>DEFINITIONS</strong>

For purposes of this Order, the following definitions shall apply:

    1.   **"Billing information"** means any data that enables any person to access a consumer's account, including but not limited to a credit card, checking, savings, share or similar account, utility bill, mortgage loan account, or debit card.

    2.   **"Clear and conspicuous statement"** or statement presented **"clearly and conspicuously"** means

    a.   in print communications, the message shall be in a type size and location sufficiently noticeable for an ordinary consumer to read and comprehend it, in print that contrasts with the background against which it appears;

    b.   in oral communications, the message shall be delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend it;

    c.   in communications made through an electronic medium (including but not limited to television, video, radio, and interactive media including but not limited to the Internet, online services and software), the message shall be presented simultaneously in both the audio and

1    visual portions of the communication.  In any
2    communication presented solely through visual or audio
3    means, the message may be made through the same means
4    in which the communication is presented.  In any
5    communication disseminated by means of an interactive
6    electronic medium, including but not limited to the
7    Internet, online services or software, a disclosure
8    must be unavoidable and presented prior to the consumer
9    incurring any financial obligation.  Any audio message
10   shall be delivered in a volume and cadence sufficient
11   for an ordinary consumer to hear and comprehend it.
12   Any visual message shall be of a size and shade, with a
13   degree of contrast to the background against which it
14   appears and shall appear on the screen for a duration
15   and in a location sufficiently noticeable for an
16   ordinary consumer to read and comprehend it; and
17   d.   regardless of the medium used to disseminate it, the
18        message shall be in understandable language and syntax.
19        Nothing contrary to, inconsistent with, or in
20        mitigation of the message shall be used in any
21        communication.
22   3.   **"Defendant,"** unless otherwise specified, means Commerce
23        Planet, Inc., a Utah corporation located at 400
24        Continental Blvd., Suite 600, El Segundo, California
25        90245, including all divisions, subsidiaries,
26        affiliates, partnerships and joint ventures, and their
27        successors and assigns.
28   4.   **"Negative Option Feature"** means, in an offer or

FINAL ORDER re COMMERCE PLANET, INC.                    Page 4

1    agreement to sell or provide any product, program or
2    service, a provision under which the consumer's silence
3    or failure to take an affirmative action to reject
4    products or services or to cancel the agreement is
5    interpreted by the seller or provider as acceptance of
6    the offer.  Offers or agreements with negative option
7    features include, but are not limited to

8    a.   free or introductory price trial offers in which the
9         consumer receives a product, program or service for
10        free or at a nominal or introductory price for an
11        initial period and will incur an obligation to pay or
12        pay a greater amount for the product, program or
13        service if he or she does not take affirmative action
14        to cancel, reject, or return the product, program or
15        service before the end of that period;

16   b.   continuity plans in which, subsequent to the consumer's
17        agreement to the plan, the seller or provider
18        automatically ships products to a consumer unless the
19        consumer notifies the seller or provider within a
20        certain time not to ship the products; and

21   c.   automatic renewal plans in which the seller or provider
22        automatically renews the agreement and charges the
23        consumer unless the consumer cancels before the
24        renewal.

25

26

27

28

## I.  PROHIBITION ON MISREPRESENTATIONS

**IT IS HEREBY ORDERED** that Defendant, directly or through any partnership, corporation, subsidiary, division or other device, and their officers, agents, servants, employees, attorneys, and all persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, in connection with the advertising, promoting, offering for sale, or sale of any product, program or service, is hereby permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to

A.  That a product, program or service is offered on a "free," "trial," or "no obligation" basis, or words of similar import, denoting or implying the absence of any obligation on the part of the recipient of the offer to affirmatively act in order to avoid charges if, in fact, a charge will be assessed pursuant to the offer unless the consumer takes affirmative action to cancel;

B.  The amount that a consumer will be charged or billed;

C.  That a consumer will not be charged or billed;

D.  The timing or manner of any charge or bill (including but not limited to the date of the charge and whether it will be a credit card charge or a checking account debit);

E.  The length of any trial period that consumers receive before being charged or billed; and

F.  That a consumer purchased or agreed to purchase a product, program or service, or that a transaction has

FINAL ORDER re COMMERCE PLANET, INC.                    Page 6

1          been authorized by a consumer, including but not

2          limited to through mailings, email, billings, credit

3          card charges, and checking account debits.

4                    **II.   REQUIRED DISCLOSURES**

5    **IT IS FURTHER ORDERED** that Defendant, directly or through

6  any partnership, corporation, subsidiary, division or other

7  device, and their officers, agents, servants, employees,

8  attorneys, and all persons or entities in active concert or

9  participation with them who receive actual notice of this Order

10  by personal service or otherwise, in connection with the

11  advertising, promoting, offering for sale, or sale of any

12  product, program or service, shall

13       A.    Clearly and conspicuously disclose, before consumers

14          are asked to pay money, submit consideration, or reveal

15          billing information

16          1.   all fees and costs;

17          2.   all material restrictions, limitations, or

18              conditions applicable to the purchase, receipt, or

19              use of the product, program or service that is the

20              subject of the offer (including any promotion

21              associated with free products or services, or

22              products or services available on a trial basis);

23          3.   all material terms and conditions of any offer

24              with a negative option feature, including but not

25              limited to

26              a.   the dollar amount of the first payment and

27                  when it will be charged, withdrawn, or become

28                  due; the dates or frequency (*e.g.*, monthly,

quarterly) of all subsequent charges or
payments; and the dollar amount or range of
costs of all subsequent charges or payments;

b.   when any trial period begins; the length of
any trial period; the specific steps and
means by which a cancellation request must be
submitted; and the date by or period within
which a cancellation request must be received
to avoid a charge;

c.   the length of any renewal period; the manner
in which a notice not to ship or renew must
be submitted; the date by or time period
within which a notice not to ship or renew
must be received to avoid shipment or renewal
(e.g., two weeks after the consumer is
advised of an upcoming shipment); and the
telephone number, email address, or street
address to which such a notice must be
directed; and

d.   all material conditions, limitations and
restrictions on the ability of the consumer
to use any product, program or service that
is offered "free," "risk-free," with "no
obligation," or "discounted," or words of
similar import denoting or implying the
absence of any obligation.

B.   For any transaction involving a service, within the
lesser of ten (10) days after the date of the

FINAL ORDER re COMMERCE PLANET, INC.                    Page 8

1      transaction or half the time of any trial period, send
2      the consumer written confirmation of the transaction,
3      either by email or first class mail, identified in a
4      clear and conspicuous manner in the email subject line
5      or on the outside of the envelope, that includes clear
6      and conspicuous disclosure of all the information
7      required by Subsection A of this Section and of the
8      procedures by which the consumer can cancel or obtain a
9      refund;

10   C.   For any transaction involving a product, provide
11      written confirmation of the transaction with the first
12      product shipment that includes all of the information
13      required by Subsection A of this Section and a clear
14      and conspicuous statement of the procedures by which
15      the consumer can cancel or obtain a refund;

16   D.   At least thirty (30) days prior to renewing a
17      consumer's membership, subscription or agreement to
18      purchase for any service (in the case of a membership,
19      subscription or agreement whose term is six (6) months
20      or longer) and prior to the submission for payment of a
21      consumer's billing information for such services, send
22      the consumer written confirmation of such renewal,
23      either by email or first class mail, identified in a
24      clear and conspicuous manner in the email subject line
25      or on the outside of the envelope, that includes clear
26      and conspicuous disclosure of all the information
27      required by Subsection A of this Section and of the
28      procedures by which the consumer can cancel or obtain a

1         refund.

2                 **III.  EXPRESS INFORMED CONSENT**

3        **IT IS FURTHER ORDERED** that Defendant, directly or through

4 any partnership, corporation, subsidiary, division or other

5 device, and their officers, agents, servants, employees,

6 attorneys, and all persons or entities in active concert or

7 participation with them who receive actual notice of this Order

8 by personal service or otherwise, in connection with the

9 advertising, promoting, offering for sale, or sale of any

10 product, program or service, are hereby enjoined from directly or

11 indirectly using billing information to obtain payment in

12 connection with the marketing of any product, program or service,

13 without the express informed consent of the consumer, which shall

14 include consent to be charged for the product, program or service

15 using a specified billing account, and the clear and conspicuous

16 disclosure of the information identified in the Section entitled

17 "Required Disclosures" in close proximity to the consumer's

18 express consent to purchase such products or services.  In

19 connection with an offer or agreement with a negative option

20 feature, the following requirements must be met to evidence

21 express informed consent:

22        A.    The consumer's express written authorization to

23              purchase the product, program or service that is the

24              subject of the transaction and the consumer's

25              authorization to assess a charge against a specified

26              account for payment.  Such authorization must include

27              the consumer's signature (the term "signature" includes

28              a verifiable electronic or digital form of signature,

1    to the extent such form of signature is recognized as a
2    valid signature under applicable federal law or state
3    contract law); or
4    B.   The consumer's express oral authorization to purchase
5         the product, program or service that is the subject of
6         the transaction and the consumer's authorization to
7         assess a charge against a specified account for payment
8         for that product, program or service that is audio-
9         recorded, as follows
10        1.   the recording must evidence that the consumer,
11             during that transaction, at a minimum, has
12             provided the last four (4) digits of the account
13             number to be charged;
14        2.   the recording must evidence that the disclosure
15             requirements of the Section entitled "Required
16             Disclosures" have been complied with;
17        3.   the recording must include the entirety of the
18             transaction;
19        4.   the recording can be identified and located by
20             either the consumer's name or telephone number;
21             and
22        5.   a copy of the recording is provided upon request
23             to the consumer, the consumer's bank, credit or
24             debit card company or other billing entity, state
25             attorney general or consumer protection agency,
26             and the Commission.
27
28

FINAL ORDER re COMMERCE PLANET, INC.                    Page 11

**IV.   PROHIBITIONS RELATING TO REFUNDS AND CANCELLATIONS**

**IT IS FURTHER ORDERED** that Defendant, directly or through any partnership, corporation, subsidiary, division or other device, and their officers, agents, servants, employees, attorneys, and all persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, in connection with the advertising, promoting, offering for sale, or sale of any product, program or service, are hereby permanently restrained and enjoined

    A.   From failing to disclose, clearly and conspicuously, before consumers are asked to pay money, submit consideration, or reveal billing information, all material terms and conditions of any cancellation or refund policy, including but not limited to informing consumers that no cancellations or refunds are permitted;

    B.   If a policy allowing consumers to cancel or obtain a refund has been disclosed to the consumer, from failing to honor any request that complies with such policy; and

    C.   From misrepresenting, or assisting others in misrepresenting, expressly or by implication, the terms and conditions of any refund or cancellation policy or policies, including but not limited to, that consumers who accept an offer can easily cancel to avoid the assessment of a charge.

## V.    MONETARY RELIEF

**IT IS FURTHER ORDERED** that Judgment is hereby entered against Defendant in the amount of nineteen million seven hundred thirty thousand dollars ($19,730,000); *provided, however,* that the Judgment for equitable monetary relief shall be suspended upon the satisfaction of the obligations imposed by Subsection A, and subject to the conditions set forth in Section VI of this Order.

A.    Defendant shall pay to the FTC the sume of one hundred thousand dollars ($100,000) in equitable monetary relief, including, but not limited to, consumer redress or disgorgement, within 10 business days of the entry of this Order;

B.    Any funds received by the Commission pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress and any attendant expenses for the administration of any redress funds.  In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief, including but not limited to consumer information remedies, as the Commission determines to be reasonably related to the practices alleged in the Complaint.  Any funds not used for such equitable relief shall be deposited to the U.S. Treasury as equitable disgorgement.  Defendant shall have no right

to challenge the Commission's choice of remedies or the manner of distribution;

C.  Defendant agrees that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy case; Defendant further stipulates and agrees that the facts alleged in the Complaint establish all elements necessary to sustain an action pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A);

D.  The judgment entered pursuant to this Section V is equitable monetary relief, solely remedial in nature, and not a fine, penalty, punitive assessment or forfeiture;

E.  Defendant relinquishes all dominion, control and title to the funds paid to the fullest extent permitted by law. Defendant shall make no claim to or demand return of the funds, directly or indirectly, through counsel or otherwise;

F.  Upon request, Defendant is hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the Commission its tax identification number(s), which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order;

G.   Pursuant to Section 604(1) of the Fair Credit Reporting
     Act, 15 U.S.C. § 1681b(1), any consumer reporting
     agency may furnish a consumer report concerning any
     Defendant to the Commission, which shall be used for
     purposes of collecting and reporting on any delinquent
     amount arising out of this Order.

## VI.   RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that the Commission's agreement to,
and the Court's approval of, this Order are expressly premised on
the truthfulness, accuracy and completeness of Defendant's
financial statement (with attachments) dated June 5, 2008 and
consolidated balance sheets dated October 31, 2008.  If, upon
motion by the Commission, the Court finds that the financial
statement of Defendant contains any material misrepresentation or
omission, the suspended judgment entered in Section V, above,
shall become immediately due and payable, less any amounts turned
over to the Commission pursuant to Section V, above, plus
interest from the date of entry of this Order as allowed by law;
*provided, however,* that in all other respects this Order shall
remain in full force and effect unless otherwise ordered by the
Court; and, *provided further*, that proceedings instituted under
this provision would be in addition to, and not in lieu of, any
other civil or criminal remedies as may be provided by law,
including any other proceedings that the Commission may initiate
to enforce this Order.  For purposes of this Section VI,
Defendant waives any right to contest any of the allegations in
the Complaint.

1      **VII.   MONITORING TO ENSURE COMPLIANCE WITH THE ORDER**

2      **IT IS FURTHER ORDERED** that Defendant, directly or through

3 any partnership, corporation, subsidiary, division or other

4 device, and their officers, agents, servants, employees,

5 attorneys, and all persons or entities in active concert or

6 participation with them who receive actual notice of this Order

7 by personal service or otherwise, in connection with the

8 advertising, promoting, offering for sale, or sale of any

9 product, program or service, are hereby permanently restrained

10 and enjoined from failing to take all reasonable steps sufficient

11 to monitor and ensure that all Defendant's agents,

12 representatives, employees, independent contractors, and contract

13 telemarketers comply with the requirements of this Order.  Such

14 reasonable steps shall include, but are not limited to

15      A.   Establishing and following a procedure for receiving

16          and responding to consumer complaints that allege

17          conduct that constitutes a violation of the FTC Act or

18          this Order;

19      B.   Ascertaining the number and nature of consumer

20          complaints in which each employee or independent

21          contractor is involved;

22      C.   Promptly and fully investigating any consumer

23          complaint; and

24      D.   Creating and retaining records demonstrating compliance

25          with this Section, as required by Section X, including

26          but not limited to, copies of all procedures for

27          receiving and responding to consumer complaints, all

28          documents relating to investigations of consumer

1   complaints, and all documents demonstrating how each

2   consumer complaint is responded to or addressed;

3   *provided, however*, that this subsection does not

4   authorize or require any action that violates any

5   federal, state, or local law.

6   **VIII.   PROHIBITION ON COLLECTION OF PAYMENTS AND
        DISCLOSURE OF CUSTOMER INFORMATION**

7   **IT IS FURTHER ORDERED** that Defendant, directly or through

8   any partnership, corporation, subsidiary, division or other

9   device, and its officers, agents, servants, employees, attorneys,

10  and all persons or entities in active concert or participation

11  with them who receive actual notice of this Order by personal

12  service or otherwise, in connection with the advertising,

13  promoting, offering for sale, or sale of any product, program or

14  service by means of a negative option feature, are hereby

15  permanently restrained and enjoined from

16      A.   Causing any withdrawal, assessment of a fee, or payment

17           to be made against any consumer account, or otherwise

18           causing collection of, or attempts to collect, payment,

19           directly or indirectly, from a consumer, for any order

20           for any such product, program or service offered or

21           provided to consumers, where the purported

22           authorization for such order occurred prior to the

23           effective date of this Order, without first obtaining

24           from the consumer express informed consent for such

25           order that complies with the requirements of Section

26           III of this Order; and

27      B.   Selling, renting, leasing, transferring or otherwise

28           disclosing the name, address, birth date, telephone

FINAL ORDER re COMMERCE PLANET, INC.                     Page 17

1    number, email address, Social Security number, credit

2    or debit card number, bank account number, or other

3    financial or identifying personal information of any

4    person from whom or about whom such information was

5    obtained in connection with activities alleged in the

6    Complaint prior to the effective date of this Order;

7    *provided, however*, that such financial or identifying

8    personal information may be disclosed to a law

9    enforcement agency or as required by any law,

10   regulation, or court order.

11                    **IX.  COMPLIANCE MONITORING**

12       **IT IS FURTHER ORDERED** that, for the purpose of (1)

13   monitoring and investigating compliance with any provision of

14   this Order and (2) investigating the accuracy of Defendant's

15   financial statement upon which the Commission's agreement to this

16   Order is expressly premised:,

17       A.   Within ten (10) days of receipt of written notice from

18            a representative of the Commission, Defendant shall

19            submit additional written reports, which are true and

20            accurate and sworn to under penalty of perjury; produce

21            documents for inspection and copying; appear for

22            deposition; and provide entry during normal business

23            hours to any business location in Defendant's

24            possession or direct or indirect control to inspect the

25            business operation;

26       B.   In addition, the Commission is authorized to use all

27            other lawful means, including but not limited to

28            1.   obtaining discovery from any person, without

FINAL ORDER re COMMERCE PLANET, INC.                    Page 18

further leave of court, using the procedures
prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36,
45 and 69; and

2.    posing as consumers and suppliers to Defendant,
its employees, or any other entity managed or
controlled in whole or in part, without the
necessity of identification or prior notice; and

C.    Defendant shall permit representatives of the
Commission to interview any employer, consultant,
independent contractor, representative, agent, or
employee who has agreed to such an interview, relating
in any way to any conduct subject to this Order.   The
person interviewed may have counsel present;

*Provided, however*, that nothing in this Order shall limit the
Commission's lawful use of compulsory process, pursuant to
Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to
obtain any documentary material, tangible things, testimony, or
information relevant to unfair or deceptive acts or practices in
or affecting commerce (within the meaning of 15 U.S.C. §
45(a)(1)).

## X.   COMPLIANCE REPORTING BY DEFENDANT

**IT IS FURTHER ORDERED** that, in order that compliance with
the provisions of this Order may be monitored,

A.    For a period of five (5) years from the date of entry
of this Order, Defendant shall notify the Commission of
any changes in its structure or in the structure of any
business entity that Defendant directly or indirectly
controls, or has an ownership interest in, that may

FINAL ORDER re COMMERCE PLANET, INC.                    Page 19

affect compliance obligations arising under this Order,
including but not limited to incorporation or other
organization; a dissolution, assignment, sale, merger,
or other action; the creation or dissolution of a
subsidiary, parent, or affiliate that engages in any
acts or practices subject to this Order; or a change in
the business name or address, at least thirty (30) days
prior to such change; *provided* that, with respect to
any proposed change in the business entity about which
Defendant learns less than thirty (30) days prior to
the date such action is to take place, Defendant shall
notify the Commission as soon as is practicable after
obtaining such knowledge.

B.   One hundred eighty (180) days after the date of entry
of this Order and annually thereafter for a period of
five (5) years, Defendant shall provide a written
report to the Commission, which is true and accurate
and sworn to under penalty of perjury, setting forth in
detail the manner and form in which they have complied
and are complying with this Order.  This report shall
include, but not be limited to

1.   a copy of each acknowledgment of receipt of this
Order obtained pursuant to Section XII; and

2.   any other changes required to be reported under
subparagraph A of this Section;

C.   Defendant shall notify the Commission of the filing of
a bankruptcy petition by such Defendant within fifteen
(15) days of filing;

D.   For the purposes of this Order, Defendant shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Order to the Commission to the following address:

> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W., Room NJ-2122
> Washington, D.C. 20580
> RE:    *FTC v. Commerce Planet, Inc.*;

*Provided* that, in lieu of overnight courier, Defendant may send such reports or notifications by first-class mail, but only if Defendant contemporaneously sends an electronic version of such report or notification to the Commission at DEBrief@ftc.gov; and

E.   For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with Defendant.

## XI.   RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, in connection with the advertising, promoting, offering for sale, or sale of any product, program or service where Defendant engages in recurring billing of consumers, Defendant, directly or through any partnership, corporation, subsidiary, division or other device, and their officers, agents, servants, employees, attorneys, and all persons or entities in active concert or participation with Defendant who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

A.  Accounting records that reflect the cost of products or services sold, revenues generated, and the disbursement of such revenues;

B.  Personnel records accurately reflecting:  the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.  Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.  Complaints and refund requests (whether received directly, indirectly or through any third party) and any responses to those complaints or requests;

E.  Copies of all sales scripts, training materials, advertisements, or other marketing materials; and

F.  All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of all procedures for receiving and responding to consumer complaints, all documents relating to investigations of consumer complaints, and all documents demonstrating how each consumer complaint was responded to or addressed, required by Section VII; acknowledgments of receipt of

this Order, required by Sections XI and XII; and all
reports submitted to the Commission pursuant to Section
X.

### XII.   DISTRIBUTION OF ORDER BY DEFENDANT

**IT IS FURTHER ORDERED** that, for a period of five (5) years
from the date of entry of this Order, Defendant shall deliver
copies of this Order as directed below:

A.   Defendant must deliver a copy of this Order to (1) all
of its principals, officers, directors, and managers;
(2) all of its employees, agents, and representatives
who engage in conduct related to the subject matter of
the Order; and (3) any business entity resulting from
any change in structure set forth in Subsection A of
the Section entitled "Compliance Reporting by
Defendant."  For current personnel, delivery shall be
within five (5) days of service of this Order upon
Defendant.  For new personnel, delivery shall occur
prior to them assuming their responsibilities.  For any
business entity resulting from any change in structure
set forth in Subsection A of the Section entitled
"Compliance Reporting by Defendant," delivery shall be
at least ten (10) days prior to the change in
structure.

B.   Defendant must secure a signed and dated statement
acknowledging receipt of the Order, within thirty (30)
days of delivery, from all persons receiving a copy of
the Order pursuant to this Section.

### XIII.   COOPERATION WITH FTC COUNSEL

**IT IS FURTHER ORDERED** that Defendant shall, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the FTC's Complaint, cooperate in good faith with the FTC and appear, or cause its officers, employees, representatives, or agents to appear, at such places and times as the FTC shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the FTC.  If requested in writing by the FTC, Defendant shall appear, or cause its officers, employees, representatives, or agents to appear, and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint, without the service of a subpoena.

### XIV.   ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT

**IT IS FURTHER ORDERED** that Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## XV.   RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.


**IT IS SO ORDERED**, this *17th* day of *November*   , 2009.


Honorable Cormac J. Carney
United States District Judge