1  WILLARD K. TOM
   General Counsel
2
   DAVID M. NEWMAN (Calif. Bar #54218)
3  ERIC D. EDMONDSON
   901 Market Street, Suite 570
4  San Francisco, CA 94103
   P: (415) 848-5100; F: (415) 848-5184
5  dnewman@ftc.gov; eedmondson@ftc.gov
6  RAYMOND E. MCKOWN (Calif. Bar #150975)
   10877 Wilshire Boulevard, Suite 700
7  Los Angeles, CA 90024
   P: (310) 824-4343; F: (310) 824-4380
8  rmckown@ftc.gov
9  Attorneys for Plaintiff
   Federal Trade Commission
10

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV 18 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

11                        UNITED STATES DISTRICT COURT
                          CENTRAL DISTRICT OF CALIFORNIA
12

13  FEDERAL TRADE COMMISSION,        )   Case No.
                                     )
14        Plaintiff,                 )   SACV-09-01324 CJC (RNBx)
                                     )
15        v.                         )   [PROPOSED]
                                     )   **FINAL JUDGMENT AND ORDER**
16  COMMERCE PLANET, INC., a         )   **FOR PERMANENT INJUNCTION**
    corporation, and MICHAEL Hill,   )   **AND SETTLEMENT OF CLAIMS**
17  CHARLES GUGLIUZZA, and AARON     )   **FOR MONETARY RELIEF**
    GRAVITZ, individually and as     )   **AGAINST DEFENDANT**
18  Officers of COMMERCE PLANET,     )   **MICHAEL HILL**
                                     )
19        Defendants.                )
                                     )
20

21
         The parties, Plaintiff the Federal Trade Commission
22
    ("Commission") and Defendant Michael Hill, having agreed in the
23
    Stipulation for Final Judgment and Order for Permanent
24
    Injunction and Settlement of Claims for Monetary Relief Against
25
    Defendant Michael Hill to the entry of this Order hereby request
26
    that the Court enter the same to resolve all matters in dispute
27
    in this action.  Defendant Michael Hill has waived service of
28
    the Summons and Complaint.

FINAL ORDER re MICHAEL HILL                              Page 1

BY FAX    ORIGINAL

The Court, being advised of the premises, finds

**FINDINGS**

1.   This Court has jurisdiction over the subject matter of this case and jurisdiction over Defendant Hill.  Venue in the Central District of California is proper.

2.   The Complaint states a claim upon which relief may be granted against Defendant Hill, and the Commission has the authority to seek the relief it has requested against Defendant Hill.

3.   The activities of Defendant Hill were and are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4.   Defendant Hill waives

a.   all rights to seek review or otherwise challenge or contest the validity of this Order;

b.   any claim Defendant Hill may have against the Commission, its employees, representatives, or agents;

c.   all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64, as of the date of this Order; and

d.   any rights to attorneys' fees that may have arisen under said provision of law.

5.   Defendant Hill stipulates and agrees to this Order, without trial or adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the Complaint to the date of entry of this Order.  Defendant Hill does not admit any of the allegations set forth in the Complaint, other than jurisdictional facts, and denies any and

1  all wrongdoing.

2       6.    This action and the relief awarded herein are in

3  addition to, and not in lieu of, other remedies as may be

4  provided by law, including both civil and criminal remedies.

5       7.    Entry of this Order is in the public interest.

6                            **DEFINITIONS**

7       For purposes of this Order, the following definitions shall

8  apply:

9       1.    **"Billing information"** means any data that enables any

10            person to access a consumer's account, including but

11            not limited to a credit card, checking, savings, share

12            or similar account, utility bill, mortgage loan

13            account, or debit card.

14      2.    **"Clear and conspicuous statement"** or statement

15            presented **"clearly and conspicuously"** means

16      a.    in print communications, the message shall be in a

17            type size and location sufficiently noticeable for an

18            ordinary consumer to read and comprehend it, in print

19            that contrasts with the background against which it

20            appears;

21      b.    in oral communications, the message shall be delivered

22            in a volume and cadence sufficient for an ordinary

23            consumer to hear and comprehend it;

24      c.    in communications made through an electronic medium

25            (including but not limited to television, video,

26            radio, and interactive media including but not limited

27            to the Internet, online services and software), the

28            message shall be presented simultaneously in both the

audio and visual portions of the communication.  In
any communication presented solely through visual or
audio means, the message may be made through the same
means in which the communication is presented.  In any
communication disseminated by means of an interactive
electronic medium, including but not limited to the
Internet, online services or software, a disclosure
must be unavoidable and presented prior to the
consumer incurring any financial obligation.  Any
audio message shall be delivered in a volume and
cadence sufficient for an ordinary consumer to hear
and comprehend it.  Any visual message shall be of a
size and shade, with a degree of contrast to the
background against which it appears and shall appear
on the screen for a duration and in a location
sufficiently noticeable for an ordinary consumer to
read and comprehend it; and

d.   regardless of the medium used to disseminate it, the
message shall be in understandable language and
syntax.  Nothing contrary to, inconsistent with, or in
mitigation of the message shall be used in any
communication.

3.   **"Defendant,"** unless otherwise specified, means
Defendant Michael J. Hill.

4.   **"Negative Option Feature"** means, in an offer or
agreement to sell or provide any product, program or
service, a provision under which the consumer's
silence or failure to take an affirmative action to

1    reject products or services or to cancel the agreement

2    is interpreted by the seller or provider as acceptance

3    of the offer.  Offers or agreements with negative

4    option features include, but are not limited to

5    a.   free or introductory price trial offers in which the

6    consumer receives a product, program or service for

7    free or at a nominal or introductory price for an

8    initial period and will incur an obligation to pay or

9    pay a greater amount for the product, program or

10   service if he or she does not take affirmative action

11   to cancel, reject, or return the product, program or

12   service before the end of that period;

13   b.   continuity plans in which, subsequent to the

14   consumer's agreement to the plan, the seller or

15   provider automatically ships products to a consumer

16   unless the consumer notifies the seller or provider

17   within a certain time not to ship the products; and

18   c.   automatic renewal plans in which the seller or

19   provider automatically renews the agreement and

20   charges the consumer unless the consumer cancels

21   before the renewal.

22          **I.   PROHIBITION ON MISREPRESENTATIONS**

23   **IT IS HEREBY ORDERED** that Defendant Hill, directly or

24   through any partnership, corporation, subsidiary, division or

25   other device, and his officers, agents, servants, employees, and

26   all persons or entities in active concert or participation with

27   him who receive actual notice of this Order by personal service

28   or otherwise, in connection with the advertising, promoting,

FINAL ORDER re MICHAEL HILL                              Page 5

offering for sale, or sale of any product, program or service, are hereby permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to

A.    That a product, program or service is offered on a "free," "trial," or "no obligation" basis, or words of similar import, denoting or implying the absence of any obligation on the part of the recipient of the offer to affirmatively act in order to avoid charges if, in fact, a charge will be assessed pursuant to the offer unless the consumer takes affirmative action to cancel;

B.    The amount that a consumer will be charged or billed;

C.    That a consumer will not be charged or billed;

D.    The timing or manner of any charge or bill (including but not limited to the date of the charge and whether it will be a credit card charge or a checking account debit);

E.    The length of any trial period that consumers receive before being charged or billed; and

F.    That a consumer purchased or agreed to purchase a product, program or service, or that a transaction has been authorized by a consumer, including but not limited to through mailings, email, billings, credit card charges, and checking account debits.

## II.    REQUIRED DISCLOSURES

**IT IS FURTHER ORDERED** that Defendant Hill, directly or

1  through any partnership, corporation, subsidiary, division or
2  other device, and his officers, agents, servants, employees, and
3  all persons or entities in active concert or participation with
4  him who receive actual notice of this Order by personal service
5  or otherwise, in connection with the advertising, promoting,
6  offering for sale, or sale of any product, program or service,
7  shall

8      A.   Clearly and conspicuously disclose, before consumers
9          are asked to pay money, submit consideration, or
10         reveal billing information

11         1.   all fees and costs;
12         2.   all material restrictions, limitations, or
13            conditions applicable to the purchase, receipt,
14            or use of the product, program or service that is
15            the subject of the offer (including any promotion
16            associated with free products or services, or
17            products or services available on a trial basis);
18            and
19         3.   all material terms and conditions of any offer
20            with a negative option feature, including but not
21            limited to
22            a.   the dollar amount of the first payment and
23               when it will be charged, withdrawn, or
24               become due; the dates or frequency (*e.g.*,
25               monthly, quarterly) of all subsequent
26               charges or payments; and the dollar amount
27               or range of costs of all subsequent charges
28               or payments;

b. when any trial period begins; the length of any trial period; the specific steps and means by which a cancellation request must be submitted; and the date by or period within which a cancellation request must be received to avoid a charge;

c. the length of any renewal period; the manner in which a notice not to ship or renew must be submitted; the date by or time period within which a notice not to ship or renew must be received to avoid shipment or renewal (*e.g.,* two weeks after the consumer is advised of an upcoming shipment); and the telephone number, email address, or street address to which such a notice must be directed; and

d. all material conditions, limitations and restrictions on the ability of the consumer to use any product, program or service that is offered "free," "risk-free," with "no obligation," or "discounted," or words of similar import denoting or implying the absence of any obligation.

B. For any transaction involving a service, within the lesser of ten (10) days after the date of the transaction or half the time of any trial period, send the consumer written confirmation of the transaction, either by email or first class mail, clearly and

FINAL ORDER re MICHAEL HILL                    Page 8

conspicuously identified as such in the email subject line or on the outside of the envelope; such written confirmation shall include clear and conspicuous disclosure of all the information required by Subsection A of this Section and of the procedures by which the consumer can cancel or obtain a refund;

C.   For any transaction involving a product, provide written confirmation of the transaction with the first product shipment that includes all of the information required by Subsection A of this Section and a clear and conspicuous statement of the procedures by which the consumer can cancel or obtain a refund;

D.   At least thirty (30) days prior to renewing a consumer's membership, subscription or agreement to purchase for any service (in the case of a membership, subscription or agreement whose term is six (6) months or longer) and prior to the submission for payment of a consumer's billing information for such services, send the consumer written confirmation of such renewal, either by email or first class mail, clearly and conspicuously identified as such in the email subject line or on the outside of the envelope; such written confirmation shall include clear and conspicuous disclosure of all the information required by Subsection A of this Section and of the procedures by which the consumer can cancel or obtain a refund.

### III.   EXPRESS INFORMED CONSENT

**IT IS FURTHER ORDERED** that Defendant Hill, directly or through any partnership, corporation, subsidiary, division or other device, and his officers, agents, servants, employees, and all persons or entities in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, in connection with the advertising, promoting, offering for sale, or sale of any product, program or service, are hereby enjoined from directly or indirectly using billing information to obtain payment in connection with the marketing of any product, program or service, without the express informed consent of the consumer, which shall include consent to be charged for the product, program or service using a specified billing account, and the clear and conspicuous disclosure of the information identified in the Section entitled "Required Disclosures" in close proximity to the consumer's express consent to purchase such products or services.  In connection with an offer or agreement with a negative option feature, the following requirements must be met to evidence express informed consent:

> A.    The consumer's express written authorization to purchase the product, program or service that is the subject of the transaction and the consumer's authorization to assess a charge against a specified account for payment.  Such authorization must include the consumer's signature (the term "signature" includes a verifiable electronic or digital form of signature, to the extent such form of signature is

1   recognized as a valid signature under applicable
2   federal law or state contract law); or
3   B.   The consumer's express oral authorization to purchase
4   the product, program or service that is the subject of
5   the transaction and the consumer's authorization to
6   assess a charge against a specified account for
7   payment for that product, program or service that is
8   audio-recorded, as follows
9       1.   the recording must evidence that the consumer,
10      during that transaction, at a minimum, has
11      provided the last four (4) digits of the account
12      number to be charged;
13      2.   the recording must evidence that the disclosure
14      requirements of the Section entitled "Required
15      Disclosures" have been complied with;
16      3.   the recording must include the entirety of the
17      transaction;
18      4.   the recording can be identified and located by
19      either the consumer's name or telephone number;
20      and
21      5.   a copy of the recording is provided upon request
22      to the consumer, the consumer's bank, credit or
23      debit card company or other billing entity, state
24      attorney general or consumer protection agency,
25      and the Commission.
26   **IV.   PROHIBITIONS RELATING TO REFUNDS AND CANCELLATIONS**
27   **IT IS FURTHER ORDERED** that Defendant Hill, directly or
28   through any partnership, corporation, subsidiary, division or

FINAL ORDER re MICHAEL HILL                                      Page 11

1   other device, and his officers, agents, servants, employees, and
2   all persons or entities in active concert or participation with
3   him who receive actual notice of this Order by personal service
4   or otherwise, in connection with the advertising, promoting,
5   offering for sale, or sale of any product, program or service,
6   are hereby permanently restrained and enjoined

7       A.    From failing to disclose, clearly and conspicuously,
8             before consumers are asked to pay money, submit
9             consideration, or reveal billing information, all
10            material terms and conditions of any cancellation or
11            refund policy, including but not limited to informing
12            consumers that no cancellations or refunds are
13            permitted;

14      B.    If a policy allowing consumers to cancel or obtain a
15            refund has been disclosed to the consumer, from
16            failing to honor any request that complies with such
17            policy; and

18      C.    From misrepresenting, or assisting others in
19            misrepresenting, expressly or by implication, the
20            terms and conditions of any refund or cancellation
21            policy or policies, including but not limited to, that
22            consumers who accept an offer can easily cancel to
23            avoid the assessment of a charge.

24              **V.   MONETARY RELIEF**

25   **IT IS FURTHER ORDERED** that Judgment is hereby entered
26   against Defendant Hill in the amount of nineteen million seven
27   hundred thirty thousand dollars ($19,730,000); *provided,*
28   *however,* that the Judgment for equitable monetary relief shall

1   be suspended upon the satisfaction of the obligations imposed by
2   Subsections A through D, and subject to the conditions set forth
3   in Section VI of this Order.

4       A.   Defendant Hill shall pay to the Commission the sum of
5           two hundred thirty thousand dollars ($230,000) in
6           equitable monetary relief, including, but not limited
7           to, consumer redress or disgorgement, within 10
8           business days of the entry of this Order;

9       B.   Defendant Hill shall pay to the FTC on or by March 10,
10          2010, all money paid to him by Lenco Mobile, Inc., in
11          satisfaction of the promissory note issued to
12          Defendant Hill by Lenco Mobile, a copy of which is
13          included as Attachment A to this Order.  In the event
14          Lenco Mobile defaults on said promissory note,
15          Defendant Hill shall assign the promissory note to the
16          FTC;

17      C.   Immediately upon entry of this order, Defendant Hill
18          shall assign to the FTC the proceeds of any recovery
19          in the lawsuit *Moser-Downum Investment Group, LLC v.*
20          *Kennedy Funding, Inc. et al,* to which he is entitled
21          pursuant to the Settlement and Mutual Release
22          Agreement described in Attachment B to this Order;

23      D.   Immediately upon entry of this order, Defendant Hill
24          shall assign to the Commission the promissory note in
25          the amount of $200,000 secured by the real property
26          described in Attachment C to this Order.  The FTC
27          shall refrain from executing on its lien and security
28          interest in the aforementioned real property until

FINAL ORDER re MICHAEL HILL                                    Page 13

such time as the properties are sold or ownership is otherwise transferred;

E.   Defendant Hill shall pay to the FTC all money and the fair market value of any goods or services that he receives in satisfaction of any undocumented loan extended by Hill to any individual or business between June 1, 2005 and the date of this Order;

F.   Any funds received by the Commission pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress and any attendant expenses for the administration of any redress funds.  In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief, including but not limited to consumer information remedies, as the Commission determines to be reasonably related to the practices alleged in the Complaint.  Any funds not used for such equitable relief shall be deposited to the U.S. Treasury as equitable disgorgement.  Defendant Hill shall have no right to challenge the Commission's choice of remedies or the manner of distribution;

G.   Defendant Hill agrees that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission

to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy case; Defendant further stipulates and agrees that the facts alleged in the Complaint establish all elements necessary to sustain an action pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A);

H.   The judgment entered pursuant to this Section V is equitable monetary relief, solely remedial in nature, and not a fine, penalty, punitive assessment or forfeiture;

I.   Defendant Hill relinquishes all dominion, control and title to the funds paid to the fullest extent permitted by law.  Defendant shall make no claim to or demand return of the funds, directly or indirectly, through counsel or otherwise;

J.   Upon request, Defendant Hill is hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the Commission his tax identification number, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order;

K.   Pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish a consumer report concerning Defendant Hill to the Commission, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

FINAL ORDER re MICHAEL HILL                              Page 15

## VI.   RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that the Commission's agreement to, and the Court's approval of, this Order are expressly premised on the truthfulness, accuracy and completeness of the financial statements dated February 10 and March 20, 2009 that Defendant Hill has submitted to the Commission.  If, upon motion by the Commission, the Court finds that his financial statement contains any material misrepresentation or omission, the suspended judgment entered in Section V, above, shall become immediately due and payable, less any amounts turned over to the Commission pursuant to Section V, above, plus interest from the date of entry of this Order as allowed by law; *provided, however,* that in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court; and, *provided further*, that proceedings instituted under this provision would be in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any other proceedings that the Commission may initiate to enforce this Order.  For purposes of this Section VI,  Defendant Hill waives any right to contest any of the allegations in the Complaint.

1  **VII.   MONITORING TO ENSURE COMPLIANCE WITH THE ORDER**

2      **IT IS FURTHER ORDERED** that Defendant Hill, directly or

3  through any partnership, corporation, subsidiary, division or

4  other device, and his officers, agents, servants, employees, and

5  all persons or entities in active concert or participation with

6  him who receive actual notice of this Order by personal service

7  or otherwise, in connection with the advertising, promoting,

8  offering for sale, or sale of any product, program or service,

9  are hereby permanently restrained and enjoined from failing to

10 take all reasonable steps sufficient to monitor and ensure that

11 all Defendant's agents, representatives, employees, independent

12 contractors, and contract telemarketers comply with the

13 requirements of this Order.  Such reasonable steps shall

14 include, but are not limited to

15     A.    Establishing and following a procedure for receiving

16            and responding to consumer complaints that allege

17            conduct that constitutes a violation of the FTC Act or

18            this Order;

19     B.    Ascertaining the number and nature of consumer

20            complaints in which each employee or independent

21            contractor is involved;

22     C.    Promptly and fully investigating any consumer

23            complaint; and

24     D.    Creating and retaining records demonstrating

25            compliance with this Section, as required by Section

26            X, including but not limited to, copies of all

27            procedures for receiving and responding to consumer

28            complaints, all documents relating to investigations

1    of consumer complaints, and all documents

2    demonstrating how each consumer complaint is responded

3    to or addressed; *provided, however*, that this

4    subsection does not authorize or require any action

5    that violates any federal, state, or local law.

6

7    **VIII.   PROHIBITION ON COLLECTION OF PAYMENTS AND**
      **DISCLOSURE OF CUSTOMER INFORMATION**

8    **IT IS FURTHER ORDERED** that Defendant Hill, directly or

9    through any partnership, corporation, subsidiary, division or

10   other device, and his officers, agents, servants, employees, and

11   all persons or entities in active concert or participation with

12   him who receive actual notice of this Order by personal service

13   or otherwise, in connection with the advertising, promoting,

14   offering for sale, or sale of any product, program or service by

15   means of a negative option feature, are hereby permanently

16   restrained and enjoined from

17   A.   Causing any withdrawal, assessment of a fee, or

18   payment to be made against any consumer account, or

19   otherwise causing collection of, or attempts to

20   collect, payment, directly or indirectly, from a

21   consumer, for any order for any such product, program

22   or service offered or provided to consumers, where the

23   purported authorization for such order occurred prior

24   to the effective date of this Order, without first

25   obtaining from the consumer express informed consent

26   for such order that complies with the requirements of

27   Section III of this Order; and

28   B.   Selling, renting, leasing, transferring or otherwise

disclosing the name, address, birth date, telephone
number, email address, Social Security number, credit
or debit card number, bank account number, or other
financial or identifying personal information of any
person from whom or about whom such information was
obtained in connection with activities alleged in the
Complaint prior to April 1, 2008; *provided, however,*
that such financial or identifying personal
information may be disclosed to a law enforcement
agency or as required by any law, regulation, or court
order.

### IX.   COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of (1)
monitoring and investigating compliance with any provision of
this Order and (2) investigating the accuracy of Defendant's
financial statement upon which the Commission's agreement to
this Order is expressly premised:

A.   Within ten (10) days of receipt of written notice from
a representative of the Commission, Defendant Hill
shall submit additional written reports, which are
true and accurate and sworn to under penalty of
perjury; produce documents for inspection and copying;
appear for deposition; and provide entry during normal
business hours to any business location in his
possession or direct or indirect control, to inspect
the business operation;

B.   In addition, the Commission is authorized to use all
other lawful means, including but not limited to:

FINAL ORDER re MICHAEL HILL                          Page 19

1         1.    obtaining discovery from any person, without

2              further leave of court, using the procedures

3              prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36,

4              45, and 69;

5         2.    posing as consumers and suppliers to Defendant

6              Hill, or any other entity managed or controlled

7              in whole or in part by Defendant Hill, or their

8              employees, without the necessity of

9              identification or prior notice; and

10    C.    Defendant Hill shall permit representatives of the

11         Commission to interview any employer, consultant,

12         independent contractor, representative, agent, or

13         employee who has agreed to such an interview, relating

14         in any way to any conduct subject to this Order.  The

15         person interviewed may have counsel present;

16 *Provided, however,* that nothing in this Order shall limit the

17 Commission's lawful use of compulsory process, pursuant to

18 Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to

19 obtain any documentary material, tangible things, testimony, or

20 information relevant to unfair or deceptive acts or practices in

21 or affecting commerce (within the meaning of 15 U.S.C. §

22 45(a)(1)).

23           **X.   COMPLIANCE REPORTING BY DEFENDANT**

24    **IT IS FURTHER ORDERED** that, in order that compliance with

25 the provisions of this Order may be monitored:

26    A.    For a period of three (3) years from the date of entry

27         of this Order, Defendant Hill shall notify the

28         Commission of the following:

FINAL ORDER re MICHAEL HILL                  Page 20

1.   Any changes in his residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

2.   Any changes in his employment status (including self-employment), and any change in his ownership in any business entity, within ten (10) days of the date of such change.  Such notice shall include the name and address of each business that he is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of his duties and responsibilities in connection with the business or employment; and

3.   Any changes in his name or use of any aliases or fictitious names;  and

4.   Any changes in structure of any business entity that Defendant Hill directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to incorporation or other organization; a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at

least thirty (30) days prior to such change;
*provided, however,* that, with respect to any
proposed change in the business entity about
which Defendant Hill learns less than thirty (30)
days prior to the date such action is to take
place, Defendant Hill shall notify the Commission
as soon as is practicable after obtaining such
knowledge.

B.  One hundred eighty (180) days after the date of entry
of this Order and annually thereafter for a period of
three (3) years, Defendant Hill shall provide a
written report to the Commission, which is true and
accurate and sworn to under penalty of perjury,
setting forth in detail the manner and form in which
he has complied and is complying with this Order.
This report shall include, but not be limited to

1.  His then-current residence address, mailing
addresses, and telephone numbers;

2.  His then-current employment status (including
self-employment), including the name, addresses,
and telephone numbers of each business that he is
affiliated with, employed by, or performs
services for; a detailed description of the
nature of the business; and a detailed
description of his duties and responsibilities in
connection with the business or employment;

3.  a copy of each acknowledgment of receipt of this
Order obtained pursuant to Section XI; and

4.    any other changes required to be reported under
      subparagraph A of this Section IX;

C.    Defendant Hill shall notify the Commission of the
      filing of a bankruptcy petition within fifteen (15)
      days of filing;

D.    For the purposes of this Order, Defendant Hill shall,
      unless otherwise directed by the Commission's
      authorized representatives, send by overnight courier
      all reports and notifications required by this Order
      to the Commission to the following address:

> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W., Room NJ-2122
> Washington, D.C. 20580
> RE:    FTC v. Commerce Planet, Inc.;

*Provided* that, in lieu of overnight courier, Defendant
Hill may send such reports or notifications by first-
class mail, but only if he contemporaneously sends an
electronic version of such report or notification to
the Commission at DEBrief@ftc.gov; and

E.    For purposes of the compliance reporting and
      monitoring required by this Order, the Commission is
      authorized to communicate with Defendant Hill or, at
      Defendant Hill's request, his counsel.

## XI.    RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of six (6) years
from the date of entry of this Order, in connection with any
business which is managed or controlled in whole or in part by
Defendant Hill and which is engaged in recurring billing of
consumers, Defendant Hill and his agents, servants, employees,

FINAL ORDER re MICHAEL HILL                              Page 23

and those persons in active concert or participation with him,
whether acting directly or through any sole proprietorship,
partnership, limited liability company, corporation, subsidiary,
branch, division, or other entity, who receive actual notice of
this Order by personal service or otherwise, are hereby
restrained and enjoined from failing to create and retain the
following records:

    A.    Accounting records that reflect the cost of products
or services sold, revenues generated, and the
disbursement of such revenues;

    B.    Personnel records accurately reflecting the name,
address, and telephone number of each person employed
in any capacity by such business, including as an
independent contractor; that person's job title or
position; the date upon which the person commenced
work; and the date and reason for the person's
termination, if applicable;

    C.    Customer files containing the names, addresses, phone
numbers, dollar amounts paid, quantity of items or
services purchased, and description of items or
services purchased, to the extent such information is
obtained in the ordinary course of business;

    D.    Complaints and refund requests (whether received
directly, indirectly or through any third party) and
any responses to those complaints or requests;

    E.    Copies of all sales scripts, training materials,
advertisements, or other marketing materials; and

    F.    All records and documents necessary to demonstrate

full compliance with each provision of this Order,
including but not limited to, copies of all procedures
for receiving and responding to consumer complaints,
all documents relating to investigations of consumer
complaints, and all documents demonstrating how each
consumer complaint was responded to or addressed,
required by Section VII; acknowledgments of receipt of
this Order, required by Sections XI and XII; and all
reports submitted to the Commission pursuant to
Section X.

### XII.   DISTRIBUTION OF ORDER BY DEFENDANT

**IT IS FURTHER ORDERED** that, for a period of five (5) years
from the date of entry of this Order, Defendant Hill shall
deliver copies of this Order as directed below:

A.   For any business that Defendant Hill controls,
directly or indirectly, or in which Defendant Hill has
a majority ownership interest, Defendant Hill must
deliver a copy of this Order to (1) all principals,
officers, directors, and managers of that business;
(2) all employees, agents, and representatives of that
business who engage in conduct related to the subject
matter of the Order; and (3) any business entity
resulting from any change in structure set forth in
Subsection A.4 of the Section entitled "Compliance
Reporting by Defendant."  For current personnel,
delivery shall be within five (5) days of service of
this Order upon Defendant Hill.  For new personnel,
delivery shall occur prior to them assuming their

responsibilities.  For any business entity resulting from any change in structure set forth in Subsection A.4 of the Section entitled "Compliance Reporting by Defendant," delivery shall be at least ten (10) days prior to the change in structure.

B.    For any business where Defendant Hill is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, Defendant Hill must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

C.    Defendant Hill must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

### XIII.   COOPERATION WITH FTC COUNSEL

**IT IS FURTHER ORDERED** that Defendant Hill shall, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the FTC's Complaint, cooperate in good faith with the FTC and appear at such places and times as the FTC shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the FTC.  If requested in writing by the FTC, Defendant Hill shall appear and provide truthful testimony in any trial, deposition, or other proceeding related to or

associated with the transactions or the occurrences that are the subject of the Complaint, without the service of a subpoena.

### XIV. ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT

**IT IS FURTHER ORDERED** that Defendant Hill, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

### XV. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED,** this *17th* day of *November* , 2009.

Honorable Cormac J. Carney
United States District Judge

# Attachment A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Pages 29 - 35 Redacted**

# Attachment B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Pages 37 - 52 Redacted**

# Attachment C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Pages 54 - 58 Redacted**