WILLARD K. TOM
General Counsel

DAVID M. NEWMAN (Calif. Bar #54218)
ERIC D. EDMONDSON
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
P: 415-848-5100/F: 415-848-5184
dnewman@ftc.gov; eedmondson@ftc.gov

RAYMOND E. MCKOWN (Calif. Bar #150975)
Federal Trade Commission
10877 Wilshire Boulevard, Suite 700
Los Angeles, CA 90024
P: (310) 824-4343 F: (310) 824-4380
rmckown@ftc.gov

Attorneys for Plaintiff
Federal Trade Commission

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> COMMERCE PLANET, INC., et al, <br><br> Defendants. | Case No. SACV-09-01324 CJC (RNBx) <br><br> [PROPOSED] **PROTECTIVE ORDER REGARDING CONFIDENTIAL TREATMENT OF DOCUMENTS PRODUCED IN DISCOVERY** |

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, ensure that protection is afforded only to material so designated, and protect personally identifiable and private information, Plaintiff Federal Trade Commission ("FTC") and Defendant Charles Gugliuzza hereby stipulate to and request that the Court enter an Order requiring that:

1. Documents, interrogatory answers, responses to requests for admission, deposition testimony, deposition exhibits, recorded or graphic matter, and other materials, tangible objects, and information (hereinafter "MATERIALS") that contain trade secrets or other confidential research, development, technical, commercial, financial, or private information, personal

data identifiers listed in Local Rule 79-5.4, or PERSONALLY IDENTIFIABLE INFORMATION (defined below) produced, provided, or filed in this action by any person, whether a party to this action ("party") or not ("non-party"), including such MATERIALS produced in response to any compulsory process served before the entry date of this Order or to any Federal Trade Commission Civil Investigative Demand, may be designated CONFIDENTIAL by any party or non-party, and thereby made subject to the provisions of this Order. MATERIALS not so designated or independently discovered by a receiving party are not subject to the provisions of this Order.

2. PERSONALLY IDENTIFIABLE INFORMATION includes an individual's social security number, or an individual's name or address or phone number in combination with one or more of the following: date of birth; driver's license number or other state identification number, or a foreign country equivalent; passport number; financial account number; or credit card or debit card number. For purposes of this Order, PERSONALLY IDENTIFIABLE INFORMATION also includes medical records and other individually identifiable health information relating to the past, present, or future physical or mental health or condition of an individual, and to the provision of or payment for health care to an individual.

3. A designation that MATERIALS are CONFIDENTIAL shall constitute a representation by the designating party or non-party, in good faith and after careful determination, that the MATERIALS so designated are eligible for such designation pursuant to Paragraph 1.

4. PERSONALLY IDENTIFIABLE INFORMATION shall be afforded all the protections of this Order afforded to other CONFIDENTIAL MATERIALS, but also shall be secured by any receiving party in such a manner as to minimize the possibility of unintentional disclosure, including the physical storage thereof in a secure area or law office, the electronic storage thereof on a password-protected

1  computer or system which may be accessed only by persons qualified to have
2  access to the PERSONALLY IDENTIFIABLE INFORMATION pursuant to the
3  terms of this Order, and the shipment thereof only to other qualified persons by a
4  trackable method with restricted delivery to such qualified persons.

5       5.    During the course of a deposition of a party or non-party or as a result
6  of an interrogatory or a request for admission, if a response calls for the disclosure
7  of CONFIDENTIAL MATERIALS, to the extent possible, the responding party or
8  non-party should so designate such MATERIALS as CONFIDENTIAL in
9  responding to the questions, and if the CONFIDENTIAL MATERIALS are
10 elicited during a deposition, the party or non-party shall instruct the court reporter
11 that the answers to the questions, along with any questions that incorporate
12 CONFIDENTIAL MATERIALS, should be marked "CONFIDENTIAL" in the
13 transcript.  Any party or non-party may, on the record of any deposition or by
14 written notice to counsel for all parties and the deponent, no later than thirty days
15 after the deposition transcript is first made available to that party or non-party,
16 designate portions thereof as CONFIDENTIAL under the terms of this Order.
17 Until the end of such thirty-day period, the deposition transcript will be deemed to
18 be designated CONFIDENTIAL in its entirety under the terms of this Order.
19 Thereafter, only those portions of the deposition transcript designated
20 CONFIDENTIAL shall be so treated, except that, to the extent possible, all copies
21 of deposition transcripts that contain CONFIDENTIAL MATERIALS shall be
22 prominently marked "CONFIDENTIAL" on the cover thereof.  This designation
23 may be accomplished either (a) by marking "CONFIDENTIAL" every page of the
24 transcript that contains CONFIDENTIAL MATERIALS or (b) by notifying all
25 parties of the transcript page and line numbers of the pages deemed to be
26 CONFIDENTIAL, and marking the first and last such pages of such ranges as
27 "CONFIDENTIAL – START" and "CONFIDENTIAL – END," respectively.
28 Transcript pages designated CONFIDENTIAL by either method of designation

shall be entitled to the same protections under this Order.

6. With respect to all MATERIALS produced by a Defendant in response to a Federal Trade Commission Civil Investigative Demand, such defendant shall designate such MATERIALS as CONFIDENTIAL within sixty days of entry of this order. Until the end of such sixty-day period, such MATERIALS will be deemed to be designated CONFIDENTIAL under the terms of this Order. This designation may be accomplished by notifying all parties of the Bates ranges of MATERIALS deemed CONFIDENTIAL.

7. With respect to all MATERIALS provided for inspection by a party's counsel, all CONFIDENTIAL MATERIALS shall be stamped "CONFIDENTIAL" by the party or non-party desiring such designation, or otherwise designated by such party or non-party in writing, within thirty days of production. Until the end of such thirty-day period, the document production will be deemed to be designated CONFIDENTIAL in its entirety under the terms of this Order. A designation of CONFIDENTIAL by stamping or labeling need not be made until after counsel for the inspecting party has inspected the MATERIALS and selected MATERIALS to be copied. Making MATERIALS available for inspection shall not constitute a waiver of any claim to designate such MATERIALS as CONFIDENTIAL, and all MATERIALS provided for inspection by a party's or non-party's counsel shall be treated as though designated CONFIDENTIAL at the time of inspection.

8. Any party or non-party, within thirty days of a party's receipt of any MATERIALS in this matter from any non-party in response to compulsory process, may designate as CONFIDENTIAL under the terms of this Order any MATERIALS that are produced in response to compulsory process served on a non-party. This designation may be accomplished either (a) by marking every page of CONFIDENTIAL MATERIALS "CONFIDENTIAL," or (b) by notifying all parties of the Bates ranges of MATERIALS deemed CONFIDENTIAL, and

marking the first and last such pages of such ranges as "CONFIDENTIAL – START" and "CONFIDENTIAL – END," respectively.  MATERIALS designated CONFIDENTIAL by either method of designation shall be entitled to the same protections under this Order.  Prior to the expiration of the thirty-day period following the respective parties' receipt of such MATERIALS, any such MATERIALS produced will be deemed to be CONFIDENTIAL in their entirety under the terms of this Order.  Thereafter, only those portions of the MATERIALS designated CONFIDENTIAL through either of the above-described methods shall be so treated.

9. CONFIDENTIAL MATERIALS, including any writing or communication reproducing, paraphrasing, or otherwise disclosing such CONFIDENTIAL MATERIALS, shall not be used for any purpose by the receiving party except for purposes in connection with this litigation. Notwithstanding the foregoing, nothing in this Order shall impose any restrictions on the use or disclosure of CONFIDENTIAL MATERIALS by the FTC as provided by: (1) the FTC's Rules of Practice and any cases construing them; (2) Sections 6(f) and 21 of the Federal Trade Commission Act and any cases construing them; and (3) any other legal obligation imposed upon the FTC.  The FTC shall provide prior notice of such use or disclosure, as may be required by the FTC Act, its Rules, or other applicable law or regulations, to provide an opportunity to object or intervene, as appropriate.

10. CONFIDENTIAL MATERIALS, including any writing or communication reproducing, paraphrasing, or otherwise disclosing such CONFIDENTIAL MATERIALS, shall not be disclosed to any person by the receiving party except to the following persons:

    (a) Defendant Charles Gugliuzza.

    (b) FTC Commissioners and other employees of the FTC (including consultants not covered under Subparagraph 10(c) below).


Case 8:09-cv-01324-CJC-RNB   Document 48   Filed 05/17/10   Page 6 of 11   Page ID #:593


1    (c)    The parties' respective counsel of record in this action,
2 including the associates and paralegal, secretarial, clerical, and other regular and
3 temporary employees of such counsel assisting such counsel and including
4 employees of any firm retained to reproduce or store the CONFIDENTIAL
5 MATERIALS for use in accordance with this Order.
6    (d)    The independent experts or consultants retained or consulted by
7 the parties in this action, including the employees of such experts or consultants
8 who are assigned to assist such experts or consultants.
9    (e)    Any person who prepared or originated the CONFIDENTIAL
10 MATERIALS, who is indicated on the face of the CONFIDENTIAL
11 MATERIALS as a recipient of a copy thereof, who otherwise legitimately received
12 a copy of the CONFIDENTIAL MATERIALS other than through a document
13 production in this litigation, or who is a witness or witness's counsel at deposition
14 or trial where the CONFIDENTIAL MATERIALS are reasonably related to the
15 testimony of such witness, and court reporters and persons preparing transcripts of
16 testimony.
17    (f)    Any person agreed to in writing by the parties.
18    (g)    The Court and related officials involved in this litigation or any
19 other proceeding in which the CONFIDENTIAL MATERIALS are used, including
20 judges, magistrates, commissioners, referees, jurors, and other personnel of the
21 Court; provided, however, that any MATERIALS designated CONFIDENTIAL
22 and lodged or filed with the Court are filed in accordance with the procedures for
23 filing under seal as described in Paragraph 13 below.
24    (h)    Any person designated by the Court in the interest of justice,
25 upon such terms as the Court deems proper.
26    11.    Prior to disclosing CONFIDENTIAL MATERIALS to any person
27 listed in Subparagraphs 10(a), 10(d) or 10(e), the receiving party shall:
28    (a)    provide such person with a copy of this Order; and

    (b) obtain from such person a signed statement in the form attached hereto as Exhibit A.  Such statement shall be retained by counsel for the party and need not be filed with the Court or served upon opposing counsel unless requested for good cause or ordered by the Court.

  12. Any person listed in Subparagraphs 10(a) through 10(f) who receives CONFIDENTIAL MATERIALS shall:

    (a) read this Order;

    (b) use such CONFIDENTIAL MATERIALS only for purposes permitted by this Order; and

    (c) not disclose or discuss such CONFIDENTIAL MATERIALS other than as permitted by this Order.

  However, nothing contained in this Protective Order is intended to be construed as imposing these or any other obligations on the Court or court personnel.

  13. In accordance with Local Rule 79-5.1, if any papers to be lodged or filed with the Court contain information and/or materials that have been designated as "Confidential" under the terms of this Protective Order, the proposed lodging or filing shall be accompanied by an application to lodge or file the papers or the portion therof containing the designated information or materials (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

  14. Nothing contained herein shall be construed to prejudice any party's right to use any CONFIDENTIAL MATERIALS or other information for any purpose in this litigation.

  15. Nothing contained herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.  This Order has no effect upon, and its scope shall not extend to, any party's use of its own

discovery MATERIALS.

16. Any party or non-party who has designated any MATERIALS as CONFIDENTIAL pursuant to this Order may consent to the removal of such designation by so notifying counsel for the other parties in writing.

17. Any party, acting in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement), may challenge a designation of CONFIDENTIAL and request removal of the MATERIALS or their designation as CONFIDENTIAL as follows:

    (a) The party seeking such removal shall give the party or non-party who designated the MATERIALS as CONFIDENTIAL written notice thereof specifying the MATERIALS as to which such removal is sought and the reason for the request.

    (b) If the parties and/or non-party cannot reach agreement concerning the matter within fifteen days after such notice, then the party requesting the removal of such MATERIALS or their designation as CONFIDENTIAL may file and serve a motion for an order of the Court directing that the MATERIALS or their designation as CONFIDENTIAL be removed.

    (c) For CONFIDENTIAL MATERIALS other than PERSONALLY IDENTIFIABLE INFORMATION, the party or non-party desiring to maintain their designation as CONFIDENTIAL shall have the burden of establishing grounds for such treatment. The burden of establishing that any PERSONALLY IDENTIFIABLE INFORMATION should not be considered CONFIDENTIAL shall be upon the party seeking to remove the designation.

18. Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto shall be construed as a waiver of any claim or defense in this action. Moreover, the failure to designate MATERIALS in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such

designation or challenging the propriety thereof.  The entry of this Order shall neither be construed as a waiver of any right to object to the furnishing of MATERIALS in response to discovery nor relieve any party of the obligation of producing MATERIALS in the course of discovery.

19.   If a party or non-party through inadvertence produces or provides discovery of any MATERIALS without designating them as CONFIDENTIAL as provided in this Order, the party or non-party shall promptly give written notice to the receiving party that the MATERIALS are CONFIDENTIAL and should be treated in accordance with this Order.  The receiving party shall treat such MATERIALS as CONFIDENTIAL from the date that such notice is received. Disclosure of such MATERIALS prior to receipt of such notice to persons not authorized to receive CONFIDENTIAL MATERIALS shall not be deemed a violation of this Order; however, those persons to whom disclosure was made are to be advised that the MATERIALS disclosed are CONFIDENTIAL and must be treated in accordance with this Order.

20.   In the case of any accidental or inadvertent disclosure of CONFIDENTIAL MATERIALS or any other disclosure not in accordance with this Order, counsel for the party or non-party responsible for the disclosure shall promptly notify counsel for the party who designated the MATERIALS as CONFIDENTIAL (or the individual whose PERSONALLY IDENTIFIABLE INFORMATION was disclosed) of the disclosure and make every effort to prevent further disclosure, including attempting to retrieve all copies of the CONFIDENTIAL MATERIALS from the recipients thereof, and attempting to secure the agreement of the recipients not to further disseminate the CONFIDENTIAL MATERIALS in any form.

21.   At the time that any consultant, expert, or other person retained to assist counsel in this action concludes participation in this action, such person shall return to counsel all copies of MATERIALS or portions thereof designated

1 CONFIDENTIAL that are in the possession of such person, together with notes,
2 memoranda, or other papers reproducing, paraphrasing, or otherwise disclosing
3 CONFIDENTIAL MATERIALS, or certify as to their destruction.  Furthermore,
4 within thirty days after the completion of this litigation all CONFIDENTIAL
5 MATERIALS, including any writing or communication reproducing, paraphrasing,
6 or otherwise disclosing such CONFIDENTIAL MATERIALS, shall be collected
7 by counsel for the receiving party and either destroyed or returned to the party or
8 non-party who produced, provided, or filed the MATERIALS; provided, however,
9 that attorney work product, expert reports, deposition transcripts and other sworn
10 statements, or pleadings reproducing, paraphrasing, or otherwise disclosing
11 CONFIDENTIAL MATERIALS may be retained in counsel's files subject to the
12 other paragraphs of this Order, providing that such CONFIDENTIAL
13 MATERIALS shall not be used for any purpose outside of those permitted by this
14 Order.  For purposes of this Order, this action shall be considered completed when
15 the entire proceeding has been resolved and any related orders have become final
16 and non-appealable.

17       22.   All parties and other persons who receive CONFIDENTIAL
18 MATERIALS shall be under a continuing duty not to disclose such MATERIALS,
19 except as permitted in this Order, and this duty shall continue in full force and
20 effect after the completion of this litigation.  However, nothing contained in this
21 Protective Order is intended to be construed as authorizing a party to disobey a
22 lawful subpoena issued in another action.

23       23.   In the event additional persons or entities become parties to this
24 litigation, they shall be bound by this Order unless and until a different Protective
25 Order is entered with respect to such additional parties.

27 Dated:_____         _____
                                  Robert N. Block
28                                United States Magistrate Judge

**PROTECTIVE ORDER - SACV-09-01324 CJC**               Page 10 of 11

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>COMMERCE PLANET, INC., et al,<br><br>Defendants. | Case No. SACV-09-01324 CJC (RNBx)<br><br>**ACKNOWLEDGMENT OF STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL TREATMENT OF DOCUMENTS PRODUCED IN DISCOVERY** |

     This acknowledges that I have received and read the Protective Order entered in the above-captioned case on [fill in the date the Court entered the Protective Order] and I agree to be bound by the terms of that Protective Order.

     As a condition precedent to my receipt or review of any MATERIALS designated CONFIDENTIAL pursuant to that Protective Order, I hereby agree that the Protective Order shall be deemed to be directed to and shall include me, and I shall observe and comply with all of its provisions.

     I further understand and agree that I am not permitted to use, and I shall not use, CONFIDENTIAL MATERIALS for any purpose other than those permitted under this Order.

Date: _____          Signature:

                                          _____

                                          Printed Name: _____

**PROTECTIVE ORDER - SACV-09-01324 CJC**