WILLARD K. TOM
General Counsel

DAVID M. NEWMAN (Calif. Bar #54218)
ERIC D. EDMONDSON (D.C. Bar #450294)
EVAN ROSE (Calif. Bar #253478)
KERRY O'BRIEN (Calif. Bar #149264)
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
P: 415-848-5100; F: 415-848-5184
dnewman@ftc.gov; eedmondson@ftc.gov
erose@ftc.gov; kobrien@ftc.gov

RAYMOND E. MCKOWN (Calif. Bar #150975)
Federal Trade Commission
10877 Wilshire Boulevard, Suite 700
Los Angeles, CA 90024
P: 310-824-4343; F: 310-824-4380
rmckown@ftc.gov

Attorneys for Plaintiff
Federal Trade Commission

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　Plaintiff,<br><br>　　v.<br><br>COMMERCE PLANET, INC., a corporation,<br><br>　　and<br><br>MICHAEL HILL, CHARLES GUGLIUZZA, and AARON GRAVITZ, individually and as officers of COMMERCE PLANET, INC.,<br><br>　　Defendants. | **Case No. SACV-09-01324 CJC (RNBx)**<br><br>**[PROPOSED]**<br>**PROTECTIVE ORDER TO TREAT AS CONFIDENTIAL PLAINTIFF'S TRIAL EXHIBITS 326, 1180, 1185, 1187, 1240-45, 1262, AND 1286** |

PROTECTIVE ORDER

1    Trial commenced in this matter on Tuesday, January 31, 2012.  In the
2 presentation of its case, Plaintiff has offered or intends to offer into evidence
3 certain exhibits that contain personal data identifiers, as defined in Local Rule 79-
4 5.4, such as home addresses.  All of these proposed exhibits (with the exception of
5 Exhibits 326 and 1262) are electronically stored information ("ESI") kept in their
6 native format, and all are quite voluminous.  Plaintiff has offered or intends to
7 offer them as foundational evidence to support its claims.  As such, these proposed
8 exhibits cannot be redacted pursuant to L.R. 79-5.4 because:  (1) any such
9 redaction would materially change the ESI within them and thereby threaten their
10 evidentiary value; and/or (2) redaction is impractical because the exhibits are so
11 voluminous.

12    In order to protect the personal data identifiers in these proposed exhibits,
13 and for good cause shown,

14 IT IS HEREBY ORDERED THAT:

15    In the event the below-referenced exhibits are offered into evidence, they
16 shall be preserved as confidential.  Defendant Charles Gugliuzza does not waive
17 any objections to the introduction of the below-referenced exhibits at trial.  The
18 proposed exhibits covered by this Protective Order shall include the following:

| Exhibit | Description |
| --- | --- |
| Plaintiff's Exhibit 326 | Excel spreadsheet of consumer complaints received by Commerce Planet (spreadsheet created by Bruce Gale) |
| Plaintiff's Exhibit 1180 | Gale Dec Attachment 4 (Email archives) FTC_CP_005794.xls [native file] |
| Plaintiff's Exhibits 1185, 1187, and 1240-41 | Customer service call recordings |
| Plaintiff's Exhibits 1242-45 | Email complaint files in *.pst* format |

| Exhibit | Description |
| --- | --- |
| Plaintiff's Exhibit 1262 | Scanned hard copy consumer complaints in *.pdf* format |
| Plaintiff's Exhibit 1286 | Customer database in *.mdb* format |

At all trial proceedings in this matter, the above proposed exhibits will be covered by this Protective Order and shall be used only for prosecution and/or defense of this or other litigation involving the Plaintiff and Trial Defendant and under no circumstances, other than those specifically provided for in this or subsequent court orders, shall such material be disclosed to persons other than Qualified Persons.

"Qualified person(s)" shall mean and refer to:

(a) Outside or inside counsel that have appeared for Plaintiff or Trial Defendant in the captioned case and regular and temporary employees of such counsel assisting in the conduct of such case, including employees of any firm retained to reproduce the above proposed exhibits for use in accordance with this Protective Order;

(b) Experts or consultants assisting counsel in this litigation;

(c) Employees of Trial Defendant who are required to assist counsel in the conduct of this action;

(d) Employees of the Federal Trade Commission or other United States law enforcement agency involved in investigating or litigating against the defendants;

(e) Directors, officers, and employees of Defendants who are designated as trial witnesses and other persons who counsel for Plaintiff in good faith believes may be fact or expert witnesses at trial to the extent deemed necessary by counsel for the

witnesses' preparation for testimony;

  (f)  Witnesses, and their counsel, during the course of testimony presented in this action, and court reporters and persons preparing transcripts of that testimony;

  (g)  The Court and Court personnel;

  (h)  Any person, pursuant to a stipulation by Plaintiff and Trial Defendant; and

  (i)  Other persons only upon order of the Court.

Each person given access to the above proposed exhibits shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed other than pursuant to its terms.

IT IS SO ORDERED:

Dated: February 14, 2012

_____
UNITED STATES DISTRICT JUDGE

Presented by:

 /s/ Evan Rose
DAVID M. NEWMAN
ERIC D. EDMONDSON
EVAN ROSE
KERRY O'BRIEN
RAYMOND E. MCKOWN

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

PROTECTIVE ORDER  Page 4