# JS-6

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| COMMERCE PLANET, INC., a corporation; and | ) ) ) ) |
| MICHAEL HILL, CHARLES GUGLIUZZA, and AARON GRAVITZ, individually and as officers of COMMERCE PLANET, INC., | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

**Case No. SACV-09-01324 CJC (RNBx)**

**MODIFIED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AGAINST DEFENDANT CHARLES GUGLIUZZA**

The Federal Trade Commission ("FTC" or "Commission") brought this action for injunctive and monetary equitable relief against Commerce Planet, Inc., ("Commerce Planet") and several of its directors and officers, including Michael Hill, Aaron Gravitz

**FINAL JUDGMENT AND ORDER: GUGLIUZZA**                    Page 1

and Charles Gugliuzza (collectively "Defendants"), for deceptive and unfair business practices.  The FTC settled with all Defendants except for Mr. Gugliuzza, Commerce Planet's former president and consultant from July 2005 to November 2007.  In the operative First Amended Complaint, the FTC asserted two counts against Mr. Gugliuzza for (1) deceptive practices and (2) unfair practices in violation of section 5(a) of the Federal Trade Commission Act (the "FTC Act" or "Act"), 15 U.S.C. § 45(a).  The FTC requested injunctive and monetary equitable relief against Mr. Gugliuzza under section 13(b) of the FTC Act, 15 U.S.C. § 53(b).

The Court conducted a sixteen-day bench trial between January 31, 2012 and February 28, 2012.  On June 22, 2012, the Court issued a Memorandum of Decision (Dkt. No. 251), by which it issued its findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a).  After carefully reviewing all the evidence, testimony, and arguments presented by the parties' counsel, the Court concluded that the FTC had proven by a preponderance of the evidence that Mr. Gugliuzza is individually liable for the deceptive and unfair marketing of OnlineSupplier in violation of section 5(a) of the FTC Act.  The Court found that a permanent injunction against Mr. Gugliuzza is appropriate because there is a cognizable danger that he will repeat the deceptive and unfair marketing tactics he authorized and implemented with OnlineSupplier.  The Court also found that monetary equitable relief against Mr. Gugliuzza is proper in the amount of $18.2 million as restitution for his wrongful and knowing participation in the deceptive marketing of OnlineSupplier.  The Court further directed the FTC to file a proposed permanent injunction and a proposed judgment consistent with the Court's decision within ten (10) days of the Court's memorandum.  On July 2, 2012, the FTC filed a timely proposed final judgment and order for permanent injunction against Defendant. On July 9, 2012, Defendant filed objections to the proposed final judgment and order for permanent injunction.  The FTC submitted a reply to Defendant's objections on July 13, 2012.  Based upon the record established in this case, and for the reasons set forth in the Court's Memorandum of Decision, on July 17, 2012, the Court entered its Final

**FINAL JUDGMENT AND ORDER: GUGLIUZZA**                    Page 2

Judgment and Order for Permanent Injunction Against Defendant Charles Gugliuzza
(Dkt. No. 255).

On November 14, 2012, Defendant Charles Gugliuzza filed a notice of appeal
(Dkt. No. 287) of the Court's Final Judgment and Order for Permanent Injunction with
the Ninth Circuit Court of Appeals.  On March 3, 2016, the Ninth Circuit affirmed this
Court's opinion in substantial part, but held that the award of restitution against
Defendant Gugliuzza, if awarded beyond unjust gains he personally received, should be
joint and several with the settling defendants.  *FTC v. Commerce Planet, Inc.*, 815 F.3d
593 (9th Cir. 2016).  The Ninth Circuit vacated the Final Judgment and Order and
remanded the matter to this Court to issue an amended the Final Judgment and Order in
accordance with the Ninth Circuit's opinion.

Upon remand, plaintiff Federal Trade Commission moved for entry of a Modified
Final Judgment and Order for Permanent Injunction incorporating the mandate of the
Ninth Circuit.  Good cause appearing to grant plaintiff's motion, the Court hereby enters
this Modified Final Judgment and Order for Permanent Injunction.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1.      **"Billing information"** means any data that enables any person to access a
consumer's account, including but not limited to a credit card, debit card, checking,
savings, share or similar account, as well as phone numbers or other utility account
information.

2.      **"Clear and conspicuous" or "clearly and conspicuously"** means:

        a.      In textual communications (*e.g.*, printed publications or words
        displayed on the screen of an electronic device), the disclosure shall be of a type
        size and location sufficiently noticeable for an ordinary consumer to read and
        comprehend the disclosure, in print that contrasts with the background on which it
        appears;

**FINAL JUDGMENT AND ORDER: GUGLIUZZA**                          Page 3

b.     In communication disseminated orally or through audible means (*e.g.*, radio or streaming audio), the disclosure shall be delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend the disclosure;

c.     In communications disseminated through video means (*e.g.*, television or streaming video), the disclosure shall be in writing in a form consistent with Subsection A of this definition and shall appear on the screen for a duration sufficient for an ordinary consumer to read and comprehend the disclosure;

d.     In communications made through interactive media such as the Internet, online services, and software:

i.     The disclosure shall be "unavoidable," meaning that a disclosure must be presented in such a manner that consumers viewing an advertisement will be exposed to the disclosure in the course of the communication without having to take affirmative actions, such as scrolling down a page, clicking on a link to other pages, activating a pop-up window, or entering a search term to view the disclosure;

ii.     The disclosure shall be presented in a form consistent with Subsection A of this definition in addition to any audio or video presentation of it; and

iii.     "In close proximity" shall mean on the same webpage, online service page, or other electronic display, and proximate to the triggering representation, and shall not be accessed or displayed through hyperlinks, pop-ups, interstitials, or other means;

e.     In communications that contain both audio and visual portions, the disclosure shall be presented simultaneously in both the audio and visual portions of the communication. *Provided however*, that in any communication disseminated solely through visual or audio means, the disclosure may be made through the same means in which the communication is presented.

**FINAL JUDGMENT AND ORDER: GUGLIUZZA**                                    Page 4

f.      In all instances, the disclosure shall be presented prior to the consumer incurring any financial obligation, in an understandable language and syntax, and with nothing contrary to, inconsistent with, or in mitigation of the disclosures used in any communication with the consumer.

3.      **"Defendant"** means Charles Gugliuzza.

4.      **"Negative Option feature"** means, in an offer or agreement to sell or provide any product or service, a provision under which the consumer's silence or failure to take an affirmative action to reject products or services or to cancel the agreement is interpreted by the seller or provider as acceptance of the offer.  Offers or agreements with negative option features include, but are not limited to:

a.      free or introductory price trial offers in which the consumer receives a product or service for free or at a nominal or introductory price for an initial period and will incur an obligation to pay or pay a greater amount for the product or service if he or she does not take affirmative action to cancel, reject, or return the product or service before the end of that period;

b.      continuity plans in which, subsequent to the consumer's agreement to the plan, the seller or provider automatically ships products to a consumer unless the consumer notifies the seller or provider within a certain time not to ship the products; and

c.      automatic renewal plans in which the seller or provider automatically renews the agreement and charges the consumer unless the consumer cancels before the renewal.

# I.

## BAN ON MISREPRESENTATION OF NEGATIVE OPITON PRODUCTS OR SERVICES

**IT IS HEREBY ORDERED** that Defendant, whether acting directly or through any sole proprietorship, partnership, limited liability company, corporation, subsidiary, branch, division, or other device, is permanently restrained and enjoined from:

**FINAL JUDGMENT AND ORDER: GUGLIUZZA**                    Page 5

A.     Advertising, marketing, promoting, offering for sale, or selling any product or service with a negative option feature in a misleading manner consistent with Section II; and

B.     Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any product or service with a negative option feature in a misleading manner consistent with Section II.

Nothing in this Order shall be read as an exception to Section I.

## II.

### PROHIBITION ON MISREPRESENTATIONS

**IT IS FURTHER ORDERED** that Defendant, directly or through any sole proprietorship, partnership, limited liability company, corporation, subsidiary, branch, division, or other device, and his officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, in connection with the advertising, promoting, offering for sale, or sale of any product or service, are hereby permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

A.     That a product or service is free, a bonus, a gift, without cost, or without obligation;

B.     The cost or price of such product or service;

C.     The amount that a consumer will be charged or billed;

D.     That a consumer will not be charged or billed;

E.     The timing or manner of any charge or bill (including but not limited to the date of the charge and whether it will be a credit card charge or a checking account debit);

F.     That a consumer purchased or agreed to purchase a product or service, or that a transaction has been authorized by a consumer, including but not

limited to through mailings, email, billings, credit card charges, and checking account debits;

G.    Any material restrictions, limitations, or conditions concerning the product or service; or

H.    Any material aspect of the performance, efficacy, nature, price, or central characteristics of the product or service.

### III.

### REQUIRED DISCLOSURES

**IT IS FURTHER ORDERED** that Defendant, directly or through any sole proprietorship, partnership, limited liability company, corporation, subsidiary, branch, division, or other device, and his officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, in connection with the advertising, promoting, offering for sale, or sale of any product or service, are hereby permanently restrained and enjoined from:

A.    Asking a consumer to pay money, submit consideration, or reveal billing information, unless prior to asking the consumer to pay money, submit consideration, or reveal billing information, they disclose, clearly and conspicuously, and in close proximity to any request for billing information:

1.    The name of the seller or provider of the product or service;

2.    A description of the product or service;

3.    The amount of each and every charge for the product or service; and

4.    All material restrictions, limitations, or conditions applicable to the purchase, receipt, or use of the product or service that is the subject of the offer;

B.    For any transaction involving a service, within 10 days after the date of the transaction, failing to send the consumer written confirmation of the

transaction, either by email or first class mail, clearly and conspicuously identified as such in the email subject line or on the outside of the envelope; such written confirmation shall include clear and conspicuous disclosure of all the information required by Subsection A of this Section and of the procedures by which the consumer can cancel or obtain a refund; and

C.     For any transaction involving a product, failing to provide written confirmation of the transaction with the first product shipment that includes all of the information required by Subsection A of this Section and a clear and conspicuous statement of the procedures by which the consumer can cancel or obtain a refund.

## IV.

## EXPRESS INFORMED CONSENT

**IT IS FURTHER ORDERED** that Defendant, directly or through any sole proprietorship, partnership, limited liability company, corporation, subsidiary, branch, division, or other device, and his officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, in connection with the advertising, promoting, offering for sale, or sale of any product or service, are hereby permanently restrained and enjoined from directly or indirectly using billing information to obtain payment in connection with the marketing of any product or service, without the express informed consent of the consumer, which shall be include consent to be charged for the product or service using a specified billing account, and the clear and conspicuous disclosure of the information identified in the Section entitled "Required Disclosures" in close proximity to the consumer's express consent to purchase such products or services. In connection with communications made through interactive media such as the Internet, online services, and software, the consumer must indicate such assent by clicking on a button that is specifically labeled to convey such assent, or by taking substantially similar affirmative action authorizing the transaction.

**FINAL JUDGMENT AND ORDER: GUGLIUZZA**                    Page 8

## V.

## PROHIBITIONS RELATING TO REFUNDS AND CANCELLATIONS

**IT IS FURTHER ORDERED** that Defendant, directly or through any sole proprietorship, partnership, limited liability company, corporation, subsidiary, branch, division, or other device, and his officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, in connection with the advertising, promoting, offering for sale, or sale of any product or service, are hereby permanently restrained and enjoined:

    A.    From failing to disclose, clearly and conspicuously, before consumers are asked to pay money, submit consideration, or reveal billing information, all material terms and conditions of any cancellation or refund policy, including but not limited to informing consumers that no cancellations or refunds are permitted;

    B.    If a policy allowing consumers to cancel or obtain a refund has been disclosed to the consumer, from failing to honor any request that complies with such policy; and

    C.    From misrepresenting, or assisting others in misrepresenting, expressly or by implication, the terms and conditions of any refund or cancellation policy or policies, including but not limited to, that consumers who accept an offer can easily cancel to avoid the assessment of a charge.

## VI.

## MONETARY RELIEF

**IT IS FURTHER ORDERED** that:

    A.    Judgment is hereby entered against Defendant in the amount of $18,200,000 (hereafter the "restitution amount"), which represents the consumer injury

**FINAL JUDGMENT AND ORDER: GUGLIUZZA**        Page 9

resulting from his violations of the Federal Trade Commission Act.  This sum shall become immediately due and payable upon entry of this judgment.  This judgment shall be joint and several with the settling defendants, and any funds collected from the settling defendants shall be subtracted from the judgment against Defendant Gugliuzza.

B.      All funds paid to the Commission pursuant to this Section shall be deposited into a fund administered by the Commission or its agents to be used for equitable relief, including consumer restitution and any attendant expenses for the administration of any restitution fund.

C.      The judgment entered pursuant to this Section VI is equitable monetary relief, solely remedial in nature, and not a fine, penalty, punitive assessment, or forfeiture.

D.      Proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

## VII.

## ORDER PROVISION REGARDING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendant, and his officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from:

A.      Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any person which any Defendant obtained in connection with activities alleged in the First Amended Complaint;

B.      Failing to dispose of such customer information in all forms in their possession, custody, or control within 30 days after entry of this Order.

**FINAL JUDGMENT AND ORDER: GUGLIUZZA**                     Page 10

Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed; and

C.   Section VII(B) relating to the disposal of customer information shall not apply to Defendant's trial or appellate counsel if the information is retained for the purpose of appeal, so long as (i) such information is not available to Defendant or to any company by which Defendant is employed, and (ii) such information is destroyed within 30 days upon the conclusion of any appeal or subsequent proceedings in this matter.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## VIII.

## ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendant obtains acknowledgments of receipt of this Order:

A.   Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

## IX.

## RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendant must create certain records for 20 years after entry of the Order, and retain each such record for 5 years.  Specifically, Defendant, for any business in which Defendant, individually or collectively with any other Defendants, is a majority owner or directly or indirectly controls, must maintain the following records:

**FINAL JUDGMENT AND ORDER: GUGLIUZZA**          Page 11

A.      Complaints and refund requests, whether received directly or  indirectly, such as through a third party, and any response; and

B.      A copy of each advertisement or other marketing material.

# X.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendant's compliance with this Order:

A.      Defendant must permit representatives of the Commission to interview any employee or other person affiliated with Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

B.      The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Section 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

# XI.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED,**

DATED:  August 25, 2016      _____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

**FINAL JUDGMENT AND ORDER: GUGLIUZZA**                    Page 12